376 So.2d 1237 (1979)
STATE of Louisiana
v.
John DEVILLE
No. 64071.
Supreme Court of Louisiana.
November 1, 1979.
*1238 Robert F. DeJean, Sr., DeJean, DeJean & DeJean, Opelousas, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Morgan J. Goudeau, III, Dist. Atty., Robert Brinkman, First Asst. Dist. Atty., for plaintiff-appellee.
BLANCHE, Justice.
Defendant John Deville was charged by bill of information with issuing worthless checks, LSA-R.S. 14:71. He was tried by a six-member jury, found to be guilty as charged, and was sentenced to serve a term of five years at hard labor. Defendant now appeals his conviction and sentence to this Court.
Defendant filed four assignments of error and has argued three of those assignments. Of the three argued before this Court, two are without merit and present no issues not governed by clearly established principles of law. These two assignments are discussed in a separate appendix which will be a part of our record but will not be published. We find them to be without merit and accordingly, confirm the conviction.
Prior to sentencing, defense counsel had access to the pre-sentence investigation. He assured the trial judge that he would subpoena the person who wrote the report if he found it necessary. No testimony was taken at the sentencing hearing but the defendant did file a summary of his version of events which basically elaborated upon his trial testimony. The pre-sentence investigation summarized the position of both parties, stated that defendant had given the instant stock yard owner a check for one-half of the debt owed about six weeks after the purchase, gave defendant's employment and social history and asserted that defendant had been given a suspended sentence on December 7, 1977 for issuing a worthless check for $6,236.01 for which restitution had been made. The report further stated that defendant owed $10,000 to the Eunice Stock Yard. Defendant's assignment of error specifically disputes the following statement contained in the pre-sentence investigation:
"It seems that defendant is not able to keep his business within the same scope as his means and also does not seem to try to do anything about it.
"The defendant was given more than enough time to settle his differences with Mr. Guilbeau (over 6 weeks) and during this time made no attempt to satisfy the debt."
When defendant was sentenced, the trial judge read both defendant's statement and the pre-sentence investigation. The court noted defendant's age, fifty, and his prior conviction for issuing worthless checks before sentencing him. Under LSA-C.Cr.P. art. 894.1, the judge specifically based his *1239 decision to sentence defendant to a prison term on the following grounds:
"Apparently he learned nothing from this because he is back here again on the same charge."
And later he observed:
"It's my opinion that this is a recurring type of crime, and I so find, and as a matter of fact, following the dictates of [C.Cr.P. art. 894.1] when I find that type of situation the law directs that I sentence this man, and I do so."
Defendant was sentenced to five years at hard labor.
We agree that technically, the crime was recurring to the extent that two days after the issuance of the check which resulted in the conviction here under consideration, he issued another worthless check on May 6, 1977 to W. H. Hodges, Inc. of Crowley, Louisiana, in the amount of $6,236.01. While under indictment for the present offense and prior to the present trial, on December 7, 1977, defendant pled guilty to the May 6 charge and drew a one-year suspended sentence because of payment in full of the worthless check.
Now, with one felony conviction to his credit, he is brought to trial on the present check, which as set forth above, was given two days earlier. The record also shows that defendant tendered $2,500 in the form of a cashier's check to the victim's lawyer on the same day the indictment was returned in the instant case, but this check was never negotiated as the victim demanded full payment.
We conclude, contrary to the pre-sentence report, that defendant was attempting to do something about the checks. It appears that defendant tendered some $8,736.01 in payment of his two-day cattle buying spree. Accordingly, the pre-sentence report's statement that the defendant was given more than enough time to settle his differences with Mr. Guilbeau (over 6 weeks) and during that time, made no attempt to satisfy the debt, is partly right and partly wrong. While he did not completely satisfy his debt in full during the period, he at least attempted to make partial satisfaction thereof with a promise of full restitution as soon as he could sell his property. Thus, we observe that it was indeed unfortunate that he could not make full restitution prior to trial for perhaps he might have received a lesser sentence for the present offense. We have no quarrel with the report's observation that the defendant was unable to keep his business affairs within his means as the victim, because of defendant's poor paying performance, had cut off his credit and defendant also owed the stock yard in Eunice $10,000. We disagree, however, that he was not doing anything about ithe just did not do enough. To this extent, we find the report slanted to the defendant's prejudice.
The trial judge's observation that defendant "learned nothing from this, because he's back here again with the same charge", in our opinion, reflects a misunderstanding as to the recurring nature of the offense. In the first place, the observation is inaccurate because the instant check crime took place two days before the check crime which resulted in his first conviction. Therefore, whatever defendant learned as a result of his first conviction had nothing to do with him being back before the court on the present charge as this check charge arose prior to the one to which he pled guilty.
Considering the defendant's past record, his age and the experience of these two convictions arising out of two checks issued two days apart for what may be regarded as a civil obligation; that defendant at pre-sentence hearing offered to make full restitution to the victim for the amount of the check; the fact that these crimes do not represent a course of consistent criminal conduct over a period of time; that the issuance of the checks arose out of defendant's cattle buying operation which ended in disaster; the fact of complete restitution on one check and a tender of $2500 before trial on the present check, together with an offer to pay the check in full when defendant sold some property, leads us to conclude:
(1) there is no undue risk that during a period of a suspended sentence or probation *1240 that the defendant will commit another crime;
(2) defendant's correctional treatment can be provided effectively without commitment to an institution;
(3) that a lesser sentence would not deprecate the seriousness of the defendant's crime.
Accordingly, the sentence is excessive.
Further, it appears that the following factors may be considered by the trial judge with regard to whether the defendant is entitled to probation:
(1) that defendant offered at pre-sentence hearing to make full restitution;
(2) that defendant has had no prior felony convictions except for the convictions growing out of these two incidents only two days apart.
For the above reasons, the sentence of the trial court is set aside, and the case is remanded for resentencing in accordance with the views herein expressed.