521 So.2d 598 (1988)
STATE of Louisiana
v.
Leatrice THORNTON.
No. KA 870767.
Court of Appeal of Louisiana, First Circuit.
February 23, 1988.
Bryan Bush, Dist. Atty. by Joe Lotwick, Asst. Dist. Atty., Baton Rouge, for plaintiff/appellee.
Office of the Public Defender, Baton Rouge, for defendant/appellant.
Before COVINGTON, SAVOIE and LeBLANC, JJ.
*599 LeBLANC, Judge.
Leatrice Thornton was indicted by the East Baton Rouge Parish Grand Jury for armed robbery, in violation of La.R.S. 14:64, and attempted second degree murder, in violation of La.R.S. 14:27 and 14:30.1. Defendant entered a dual plea of not guilty and not guilty by reason of insanity. Thereafter, she moved to suppress her confession; and the court denied the motion. Defendant then entered a plea of guilty to the charge of armed robbery and a plea of nolo contendere to the charge of attempted second degree murder. At the sentencing hearing, defendant filed a motion to withdraw her guilty plea, which the court denied. The court imposed a sentence of fifty years at hard labor, without benefit of probation, parole or suspension of sentence, for the conviction of armed robbery, and a sentence of twenty years at hard labor for the conviction of attempted second degree murder. The court ordered that the sentences were to be served concurrently. Defendant appealed, alleging three assignments of error, as follows:
1. The court erred by denying the motion to suppress her confession.
2. The court erred by denying the motion to withdraw her guilty plea.
3. The court imposed an excessive sentence.

FACTS
According to the facts presented by the state during the Boykin examination, Edith Babin, the victim, was attacked inside her home by defendant, who is the niece of the victim's maid. Mrs. Babin was seventy-seven years old at the time of the offenses. Defendant went to the victim's home to look for her aunt, Ruby Burden. After Mrs. Babin advised defendant that her aunt was not there, defendant left. Shortly thereafter, she returned and asked to use the victim's telephone. Mrs. Babin permitted defendant to enter her house; and defendant then armed herself with a flashlight, the property of the victim, and demanded money. Defendant followed Mrs. Babin throughout the house and beat her continuously with the flashlight as the victim retrieved money and valuables from various rooms.
After defendant left, Mrs. Babin called her neighbors for help. Two of her neighbors came to her assistance and summoned the police. Investigating officers found that the telephone had been disconnected. Traces of blood were found in every room of the house. One of the victim's neighbors had seen a woman attempting to gain entry through a screened window. He provided a description of the car driven by the woman and identified the perpetrator as the niece of the victim's maid. Mrs. Burden, who had returned to the house and was tending to the victim, provided police officers with the name and address of her niece.
The investigating officers went to the address furnished by Mrs. Burden and effected defendant's arrest. A pair of blue jeans, covered with blood, and a tennis shoe with blood on the sole were recovered from defendant's home. Forensic testing established that traces of blood found on the blue jeans and the shoe were of the same type of blood as that of the victim.
The arresting officers brought defendant back to the home of the victim, where she was identified by the victim and one of her neighbors. She was then taken to the police station and charged. Several hours after her arrest, defendant gave a statement in which she claimed to have been under the influence of alcohol and drugs at the time of the offense.
Mrs. Babin sustained serious injuries in the incident, including severe facial lacerations. She was hospitalized for nine days after the attack.

DENIAL OF MOTION TO SUPPRESS
By her first assignment of error, defendant submits the trial court erred by denying her motion to suppress the confession given a few hours after her arrest. She claims the statement was not made voluntarily but was the result of threats directed to her by city police officers. She further contends that the statement was not voluntary because she provided the *600 statement while she was under the influence of alcohol and drugs.
Defendant entered an unconditional plea of guilty to the charge of armed robbery. She expressly entered the plea of nolo contendere to the charge of attempted second degree murder because she claimed that she did not intend to kill or inflict great bodily harm upon the victim. Defendant expressed no other reservations with regard to the pleas.
A defendant waives his right to review of a non-jurisdictional pre-plea ruling unless, at the time of his plea, he expressly stipulates that he does not waive his right to review of it, the normal consequence of a guilty plea. State v. Crosby, 338 So.2d 584, 591 (La.1976). Defendant did not reserve her right to appeal the court's ruling on the motion to suppress the confession. Therefore, we refuse to review the merits of defendant's contentions because this matter is not properly before the court.

WITHDRAWAL OF GUILTY PLEA
By assignment of error number two, defendant submits that the trial court erred by denying her motion to withdraw her guilty plea. Defendant contends that she was entitled to withdraw the plea because she was not aware at the time it was entered that a relative of the victim was employed by the office of the district attorney in the section in which her case was pending. Defendant claims that she would have moved to recuse the assistant district attorney conducting the prosecution or pursued her right to a trial if she had been aware of the relationship.
The trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.C.Cr.P. art. 559. Its decision is discretionary and subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Jones, 484 So.2d 933 (La.App. 1st Cir.1986).
We do not find the trial court abused its discretion by denying defendant's motion to withdraw the plea. Defendant did not allege that she was prejudiced because of the relationship between the victim and the employee of the district attorney. She claims only that the attorney who represented her at the time she entered the plea was not aware of the relationship (although this attorney noted that the relationship might have been divulged to another attorney in his office). The assistant district attorney advised the court that the state had not attempted to hide the relationship and was of the opinion that the relationship had been discussed with an attorney associated with defendant's counsel. The state argued that the prosecution of defendant's charges was not influenced by the fact that the victim was the great-aunt of one of the employees of the district attorney, but was directed by the heinous nature of the offense and the severity of the injuries sustained by the victim. The state further argued that defendant would not have been entitled to a recusal of the assistant district attorney on the grounds sought and that, therefore, a motion to withdraw the plea based upon the same grounds is without merit.
A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. State v. Bosworth, 451 So.2d 1070 (La.1984). Defendant was not entitled to a recusal of the assistant district attorney. See La.C.Cr.P. art. 680. The evidence in favor of defendant's guilt was overwhelming. Although defendant contends that she might have proceeded to trial if she had been aware of the relationship, she does not claim to have been prejudiced; and, therefore, the trial court did not abuse its discretion by denying defendant's motion to withdraw her plea.[1]

EXCESSIVE SENTENCE
By assignment of error number three, defendant contends the trial court imposed an excessive sentence. She claims the court failed to consider several mitigating factors.
*601 Defendant contends the court failed to consider the fact that she was under the influence of drugs and alcohol at the time she committed the offense and, therefore, her actions were justified. To the contrary, the court specifically considered the rationalization offered by defendant but found that defendant's alcohol and drug problems did not justify her actions.
Defendant also submits that the sentence is excessive because the court failed to consider the fact that she is only twenty-two years of age, the mother of a small child, and has not been convicted of any other criminal offense. However, in its reasons for sentencing, the court noted all of these factors but reflected that defendant had a substantial record of juvenile misconduct and had been convicted of a brutal, unprovoked attack which nearly resulted in the death of the victim.
Finally, defendant argues the court failed to consider the fact that her family attended the proceedings and supported her throughout this ordeal. However, while such conduct may be commendable, it does not rise to the level of a mitigatory factor. Moreover, the presentence investigation report ordered by the trial court, which defendant chose not to traverse, does not support defendant's claim of family endorsement.
The trial court has wide discretion in the imposition of sentences and a sentence within statutory limits will not be set aside unless it is found to be an abuse of that discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).[2] We find no abuse of discretion.
For these reasons, the conviction and sentence imposed by the trial court is affirmed.
AFFIRMED.
NOTES
[1] Defendant's motion is specifically entitled "Motion to Withdraw Guilty Plea" and does not advert in any way to the plea of nolo contendere entered by her to the charge of attempted second degree murder. Thus, we consider her plea only as directed to the guilty plea entered for the charge of armed robbery. We note, however, that a motion to withdraw defendant's plea of nolo contendere would similarly be without merit.
[2] Defendant claims the sentence of fifty years is excessive in comparison to the ten year sentence imposed by the trial court in State v. Smithey, 441 So.2d 837 (La.App. 3rd Cir.1983). However, in Smithey, the reviewing court did not indicate that a lengthier sentence would not be appropriate; rather, the court found the sentence was not an abuse of discretion.