542 So.2d 586 (1989)
STATE of Louisiana
v.
Jerome Dean WALTER.
No. 88 KA 1033.
Court of Appeal of Louisiana, First Circuit.
April 11, 1989.
Writ Denied June 30, 1989.
*587 Bryan Bush, Dist. Atty., Office of Dist. Atty., Baton Rouge by Robert Piedrahita, Don Wall, Asst. Dist. Attys., for plaintiff-appellee.
Jerome Walter, Scatlandville, in pro per.
Before WATKINS, CRAIN and ALFORD, JJ.
WATKINS, Judge.
The defendant, Jerome Dean Walter, was charged by indictment with manslaughter, in violation of LSA-R.S. 14:31. Initially, he pled not guilty. Before trial, however, the defendant entered into a plea bargain *588 agreement pursuant to which he pled guilty as charged. In exchange for the guilty plea, the trial court promised to sentence the defendant to no more than ten years at hard labor. Subsequently, the defendant received a sentence of ten years at hard labor. The defendant had appealed, alleging twelve assignments of error, as follows:
1. The trial court erred in failing to require the State to answer the defendant's motion for a bill of particulars.
2. The State failed to properly and timely institute prosecution.
3. The trial court erred in failing to consider the defendant's motion to quash.
4. The trial court erred in failing to consider the defendant's motion to suppress.
5. The trial court erred in failing to consider the defendant's motion for a speedy trial.
6. The trial court erred in failing to determine whether or not the defendant's guilty plea was entered voluntarily.
7. The trial court erred in failing to establish a factual basis for the offense before accepting the defendant's guilty plea.
8. The trial court erred in failing to consider the presentence investigation report in connection with the plea bargain agreement.
9. The trial court erred in sentencing the defendant on the basis that he had committed two prior felonies.
10. During the first sentencing hearing, the trial court erred in failing to consider the guidelines in LSA-C.Cr.P. art. 894.1.
11. During the second sentencing hearing, the trial court erred in failing to consider the guidelines in LSA-C.Cr.P. art. 894.1.
12. "The sentencing judge erred when he failed to recognize the apparent conflict between counsel and defendant, nor did he take into consideration any of the issues raised by the defendant in his own behalf."
Because the defendant entered a guilty plea, the facts surrounding the instant offense were not fully developed. During the Boykin colloquy, the trial court asked the defendant if he was pleading guilty to manslaughter because he had unlawfully killed the victim, Wilma H. McKelphin. The defendant replied in the affirmative. The trial court then noted that the defendant had been indicted by a grand jury and referred to the affidavit of probable cause. The affidavit of probable cause indicates that witnesses observed the victim, who was screaming for help, being chased from her apartment by the defendant. The victim died as a result of being stabbed in the chest with a butcher knife. The affidavit of probable cause also notes that the defendant had made an inculpatory statement to the police.
ASSIGNMENTS OF ERROR NUMBERS ONE, FOUR, AND FIVE:
In these assignments of error, the defendant contends that the trial court erred in failing to consider several pretrial motions which he filed in proper person. Although represented by counsel, the defendant filed the following motions: a motion for a bill of particulars (assignment of error number one); a motion to suppress (assignment of error number four); and a motion for speedy trial (assignment of error number five). Initially, we note that the court minutes for September 15, 1986, indicate that the motion for speedy trial was withdrawn by defense counsel. Therefore, it is obvious that the trial court was not required to rule on this motion. Furthermore, we note that, because the defendant was represented by counsel, the trial court was not required to consider any of the motions filed by the defendant in proper person.[1] The defendant has no right to be both represented and representative. See State v. McCabe, 420 So.2d 955 (La. 1982); State v. Booker, 444 So.2d 238 (La. App. 1st Cir.1983), writ denied, 446 So.2d *589 1227 (La.1984). Moreover, by pleading guilty, the defendant waived his right to appellate review of such pre-plea non-jurisdictional matters. State v. Crosby, 338 So.2d 584 (La.1976); State v. Thornton, 521 So.2d 598 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988).
These assignments of error are meritless.
ASSIGNMENTS OF ERROR NUMBERS TWO AND THREE:
In assignment of error number two, the defendant contends that the State failed to properly and timely institute prosecution. In assignment of error number three, the defendant contends that the trial court erred in failing to consider his motion to quash. The defendant filed the motion to quash on the grounds that the time limitations for the institution of prosecution and the commencement of trial had expired. See LSA-C.Cr.P. art. 532(7). Initially, we note that the trial court did not err in failing to consider this pro se motion to quash because, as noted above, the defendant was represented by counsel. Moreover, the time limits for the institution of prosecution had not expired. The instant offense was committed on March 18, 1986. Prosecution was instituted by the filing of a grand jury indictment. See LSA-C.Cr.P. art. 381, et seq. Because the defendant was indicted for manslaughter, the State had six years within which to institute prosecution. See LSA-C.Cr.P. art. 572; LSA-R.S. 14:31. The instant indictment was filed on April 17, 1986, within one month after the commission of the offense.
The defendant's argument that the time limitation on the commencement of trial had expired is also meritless. As noted above, defense counsel withdrew the defendant's pro se motion for speedy trial; and the trial court was not required to rule on the defendant's pro se motion to quash. Moreover, the defendant waived his right to appellate review of this issue by pleading guilty. State v. Crosby, supra; State v. Thornton, supra.
Finally, the defendant argued that the State did not "properly" institute prosecution. By this argument, the defendant contends that he was entitled to challenge the grand jury venire, the selection of grand jurors, and the number of grand jurors concurring in the indictment. He also contends that he was entitled to a preliminary examination, a certificate of probable cause, and transcripts of "perpetuated testimony" of witnesses at the grand jury proceedings or at the preliminary examination. Again, we note that the defendant waived the right to appellate review of such pre-plea non-jurisdictional matters by entering the instant guilty plea. State v. Crosby, supra; State v. Thornton, supra.
For the above reasons, these assignments of error are meritless.
ASSIGNMENT OF ERROR NUMBER SEVEN:
In this assignment of error, the defendant contends that the trial court erred in failing to establish a factual basis for the offense before accepting his guilty plea.
During the Boykin examination, the trial court asked the defendant if he was pleading guilty to manslaughter because he had unlawfully killed the victim. The defendant replied in the affirmative. The trial court also referred to the grand jury indictment and the facts contained in the affidavit of probable cause. Moreover, it is well settled that a guilty plea by its nature admits factual guilt and relieves the State of the necessity to prove it by a contested trial. State v. Bourgeois, 406 So.2d 550 (La.1981); State v. Fabre, 525 So.2d 1222 (La.App. 1st Cir.), writ denied, 532 So.2d 148 (La.1988).
This assignment of error is meritless.
ASSIGNMENTS OF ERROR NUMBERS SIX AND TWELVE:
In assignment of error number six, the defendant contends that the trial court erred in failing to determine whether or not his guilty plea was entered voluntarily. In assignment of error number twelve, the defendant contends that "[t]he sentencing judge erred when he failed to recognize the apparent conflict between counsel and defendant, nor did he take into consideration any of the issues raised by the defendant in his own behalf."
*590 Judge Bob Downing accepted the defendant's guilty plea and promised to limit his sentence to no more than ten years. However, Judge Freddie Pitcher sentenced the defendant. Before sentencing the defendant, Judge Pitcher questioned him as to his satisfaction with court-appointed defense counsel. The defendant noted that he had had some differences with defense counsel concerning pretrial motions. At this point, Judge Pitcher asked the defendant if he wished to withdraw his guilty plea, and the defendant replied that he did not. Judge Pitcher then referred to the plea bargain agreement and sentenced the defendant to ten years at hard labor.
After the sentence was imposed, the defendant objected and stated that, although he understood the ten year ceiling on the sentence, defense counsel had informed him that the sentence actually imposed would be from zero to five years. Judge Pitcher concluded the sentencing hearing, but another sentencing hearing was held shortly thereafter. At the second sentencing hearing, Judge Pitcher reviewed the defendant's criminal record and stated the Article 894.1 guidelines which he had considered in imposing the instant sentence. Judge Pitcher also noted that he had given the defendant an opportunity to withdraw his guilty plea, but the defendant had refused. Then, Judge Pitcher gave the defendant an opportunity to explain his complaint about the sentence. The defendant repeated his claim that defense counsel had informed him that the actual sentence imposed would be from zero to five years. However, defense counsel denied this allegation and stated that she had informed the defendant that the maximum sentence would be ten years, as promised by Judge Downing and reflected in the record.
The defendant contends that the trial court failed to inquire about promises or inducements which motivated him to plead guilty. Although this argument is unclear, he is apparently referring to the plea bargain agreement as an inducement or promise which affected his voluntary decision to plead guilty. Yet, at the sentencing hearing, he admitted that he was aware of the plea bargain agreement, which included a maximum ten year sentence. The record of the Boykin examination also reflects that there was an explicit statement by Judge Downing about the maximum ten year sentence in exchange for the defendant's guilty plea. The defendant points to his claim that defense counsel had misled him about the length of the sentence and states that Judge Pitcher should have explored these conflicting statements by the defendant and defense counsel. However, the record clearly indicates that a ten year ceiling was placed on the defendant's sentence. There is no mention of a five year maximum sentence anywhere in the record, other than the defendant's allegation about such a statement by defense counsel.
In his first brief to this Court, the defendant concludes that Judge Pitcher should have given him the opportunity to withdraw his guilty plea. However, the record clearly indicates that Judge Pitcher did so at the first sentencing hearing and repeated the offer at the second sentencing hearing; but the defendant refused. If the defendant seeks to prove his allegation (that his guilty plea was induced because he believed, based on statements from defense counsel, that he would receive a sentence of zero to five years in exchange for the plea), his proper remedy is by post-conviction relief, wherein an evidentiary hearing could be conducted to explore all of the conversations and events surrounding the instant plea bargain which took place outside the record. See LSA-C.Cr.P. art. 924, et seq.; State v. Shepherd, 532 So.2d 474 (La.App. 1st Cir.1988).
These assignments of error are meritless.
ASSIGNMENTS OF ERROR NUMBERS EIGHT, NINE, TEN, AND ELEVEN:
In assignment of error number eight, the defendant contends that the trial court erred in failing to consider the presentence investigation report in connection with the plea bargain agreement. In assignment of error number nine, the defendant contends that the trial court erred in sentencing him on the basis that he had committed two prior felonies. In assignments of error *591 numbers ten and eleven, the defendant contends that the trial court erred in failing to consider, during both sentencing hearings, the guidelines in LSA-C.Cr.P. art. 894.1.
The Code of Criminal Procedure sets forth items which must be considered by the trial court in imposing sentence. LSA-C.Cr.P. art. 894.1. The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Davis, 448 So.2d 645 (La.1984). In light of the criteria expressed by Article 894.1, a review of the individual excessiveness must consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Lewis, 489 So.2d 1055 (La.App. 1st Cir.), writ denied, 493 So.2d 1218 (La.1986).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762 (La. 1979). However, the trial court has wide discretion in the imposition of sentences; and a sentence within statutory limits will not be set aside in the absence of an abuse of discretion. State v. Johnson, 486 So.2d 853 (La.App. 1st Cir.1986).
At the second sentencing hearing, after the sentence had been imposed, the trial court stated that it had considered the guidelines enumerated in LSA-C.Cr.P. art. 894.1. The trial court noted that the defendant had committed a violent crime and that the instant offense was his third felony conviction. The trial court specifically referred to two prior drug felony convictions and a recent misdemeanor theft arrest. The trial court concluded that the defendant was in need of correctional treatment and stated that any lesser sentence would deprecate the seriousness of the offense. Additionally, at the first sentencing hearing, the trial court noted that the sentence to be imposed was within the limits of the negotiated plea agreement.
The defendant argues that the trial court failed to consider the presentence investigation report. Normally, the ordering of a presentence investigation report lies within the discretion of the trial court. LSA-C. Cr.P. art. 875 A (1); State v. Ducksworth, 496 So.2d 624 (La.App. 1st Cir.1986). However, as noted by the defendant, Judge Downing stated that the sentence to be imposed would be determined by the results of the presentence investigation report. It is true that Judge Pitcher did not specifically refer to the presentence investigation report in imposing the instant sentence. Yet, we find that Judge Pitcher must have relied on the presentence investigation report in determining the defendant's sentence because the report contained the information about the defendant's prior drug convictions and his recent misdemeanor arrest, to which Judge Pitcher specifically referred at the second sentencing hearing.
The defendant also complains that the trial court failed to consider several mitigating factors enumerated in Article 894.1. The defendant contends that he was not the aggressor, that he had been provoked by the victim, that he acted in self-defense, and that he could not have previously contemplated that his conduct would cause serious harm. The defendant entered a plea of guilty to manslaughter, thereby waiving his right to maintain a claim of self-defense at a trial. The trial court was not required to assess the sufficiency of the evidence as a sentencing factor. See State v. Harris, 518 So.2d 590 (La.App. 1st Cir.1987), writ denied, 521 So.2d 1184 (La. 1988). Nor was the trial court required to accept the defendant's unsubstantiated claims in mitigation. Apart from the defendant's own statements, there is no factual basis upon which the trial court could have concluded that these mitigating factors would apply in the instant case. Therefore, in imposing sentence, the trial court did not err in omitting a consideration of these mitigating factors. We conclude that the trial court properly considered the relevant Article 894.1 factors in determining the sentence.
Although the defendant's briefs to this Court did not contain an explicit argument that the instant sentence was excessive, such an argument is implied in *592 these assignments of error. The defendant complains that Judge Pitcher based the sentence on the fact that he had committed two prior drug-related felonies. He contends that one of these offenses was only a misdemeanor and that both of them had occurred in the distant past and should not be considered as sentencing factors. We conclude that the trial court did not err in considering the defendant's prior drug-related convictions as sentencing factors. Furthermore, even if the defendant correctly argued that one of the two drug-related convictions was only a misdemeanor and not a felony, we find that the instant sentence is not excessive, in light of the statement of reasons by the sentencing judge and the facts of this case, especially the victim's violent death.
For the above reasons, these assignments of error are meritless.
Considering the foregoing the conviction and sentence of defendant are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Although the trial court granted the defendant's motion to represent himself on appeal to this Court, the record does not indicate that, at this stage of the proceedings, the trial court had exercised its discretion to allow the defendant to act as co-counsel.