572 So.2d 1166 (1990)
STATE of Louisiana
v.
James GREER.
No. 90 KA 0385.
Court of Appeal of Louisiana, First Circuit.
December 18, 1990.
*1167 William R. Campbell, Jr., New Orleans, Walter P. Reed, Dist. Atty., Covington, for appellee State of La.
*1168 James H. Looney, Office of Indigent Defender, Covington, for appellant.
Before LOTTINGER, SHORTESS and CARTER, JJ.
SHORTESS, Judge.
James Greer (defendant) was charged by bill of information with four counts of sexual battery. La.R.S. 14:43.1. After initially pleading not guilty, he changed his plea to not guilty and not guilty by reason of insanity. He proceeded to trial; but, after the jury was selected, he pled guilty to Counts 1, 2, and 4 under the provisions of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and the state dismissed Count 3. Prior to sentencing, defendant filed a pro se motion to withdraw his guilty plea. The court denied the motion and sentenced defendant to six years at hard labor on each count to run concurrently. Defendant has appealed and urges three assignments of error.
Because defendant pled guilty, the facts were not developed fully. The record and presentence investigation report reveal that, at the time the offenses occurred, defendant was residing in Slidell with the parents of the five-year-old female victim. On September 25, 1987, defendant drove the victim's mother to work in New Orleans. The young girl came along for the ride. On the way home, defendant stopped the van he was driving on a gravel road near the victim's residence. He pulled the child's pants down, put some "jelly" between her legs, and proceeded to play with the victim's vagina and with his penis. The little girl eventually reported defendant's actions to her father, who in turn reported it to the St. Tammany Parish Sheriff's Office. The investigation revealed that defendant had sexually battered the victim on other occasions at different locations, including at least one time when a second female victim, a four-year-old friend of the first victim, also was present. The bill of information charged defendant in Counts 1 and 2 with committing sexual battery on the first victim twice on September 25, 1987. The third count, which was dismissed, related to the sexual battery committed upon the second victim between September 1 and 20, 1987. In the fourth count, defendant was charged again with sexual battery of the first victim, which occurred between September 1 and 20, 1987.

REFUSAL TO ALLOW WITHDRAWAL OF GUILTY PLEA
In assignment of error number one, defendant claims the trial court abused its discretion in denying the motion to withdraw his guilty plea. Defendant argues that, at the very least, the district court should have permitted a hearing.
Eight days after defendant's guilty plea, he filed, in proper person, a motion for withdrawal of guilty plea. He alleged three grounds:
(1) Ignorance: Lack of Legal Knowledge
(2) Fraud: Statement Made by Legal Counsel
(3) Intimidation: Pressured by Legal Counsel to Plead Guilty
Without setting the motion for a hearing, the trial court denied it. On a later date, at the beginning of the sentencing proceeding, defendant's attorney objected to the denial of the pro se motion. The judge reaffirmed the denial of the motion and imposed sentence.
If a defendant is represented by counsel, the trial court is not required to consider the defendant's pro se motions. State v. Walter, 542 So.2d 586, 588 (La. App. 1st Cir.), writ denied, 546 So.2d 1222 (La.1989). A defendant has no right to be both represented and representative. State v. Bodley, 394 So.2d 584, 593 (La. 1981). Although the trial court was not required to consider defendant's pro se motion, because it ruled on the motion and discussed the merits of the motion when defense counsel formally objected to the court's ruling, this court will review the trial court's ruling.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.C.Cr.P. art. 559(A). The court's decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily *1169 exercised. State v. Hebert, 506 So.2d 863, 865 (La.App. 1st Cir.1987). Even after sentencing, if a trial judge finds "either that a plea of guilty was not entered freely and voluntarily or that the Boykin colloquy was inadequate, and that the plea, therefore, is constitutionally infirm, the Trial Court retains the authority to vacate the sentence and set aside the plea...." State v. Lewis, 421 So.2d 224, 226 (La.1982).
A defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. It is not unreasonable for a trial judge to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking. State v. Banks, 457 So.2d 1264, 1266 (La. App. 1st Cir.1984) (citing State v. Deakle, 372 So.2d 1221 (La.1979)). However, if a plea rests in any significant degree on an agreement or promise by the prosecutor so that it can be viewed as part of the inducement or consideration for the plea, such promise must be fulfilled, or defendant given an opportunity to withdraw the plea. State v. Atley, 470 So.2d 621, 622 (La.App. 1st Cir.1985).
Because defendant's pro se allegations in the motion were generalized and conclusory, the trial court did not abuse its discretion in denying the motion. The guilty plea transcript confirms that defendant's plea was knowingly and voluntarily entered, with full understanding that the sentence could be anywhere from probation to ten years. Thus, there is no merit to defendant's claim that the trial court erred in denying the motion to withdraw guilty plea.
Defendant also claims the trial court erred in not holding a hearing on the motion. In ruling on a motion to withdraw a guilty plea, a trial court is not limited to a review of the guilty plea colloquy; it may also order an evidentiary hearing. Banks, 457 So.2d at 1266. For the following reasons, we conclude the trial court did not err in not holding a hearing on the motion. The allegations in the pro se motion were sketchy, and defendant did not request a hearing. Prior to sentencing, defendant's attorney objected to the ruling on the motion, but he never mentioned the court's failure to hold a hearing. Thus, defendant has not properly preserved the issue for appeal. See La.C.Cr.P. art. 841. See also Banks, 457 So.2d at 1266 (we noted defendant's failure to request a hearing in reasons for concluding the trial court did not err by not conducting a hearing on a motion to withdraw guilty plea). Additionally, in the motion, defendant did not allege an anticipated violation of the plea agreement by either the state or the court. See State v. Lockwood, 399 So.2d 190 (La.1981); State v. Buckenburger, 428 So.2d 966 (La. App. 1st Cir.1983). He also did not allege any confusion relative to the guilty plea proceedings. See State v. Thompson, 414 So.2d 1218 (La.1982). Instead, defendant voiced generalized complaints about the effectiveness of his attorney.
On appeal, for the first time, defendant specifies the nature of his complaints and his reasons for seeking the withdrawal of his guilty plea. In his pro se appeal briefs, he maintains that his attorney promised he would receive a probated sentence, that his attorney falsely told him his alibi witnesses were not available, and that his attorney misled him into believing that, if he did not plead guilty, the district attorney would file habitual offender charges against him. If defendant seeks to prove these allegations, his proper remedy is by post-conviction relief, wherein an evidentiary hearing can be conducted, if necessary, to explore all of the conversations and events surrounding the instant plea negotiations which took place outside the record. Walter, 542 So.2d at 590. Because defendant did not identify those specific claims when he filed the motion, the trial court did not err in denying the motion without a hearing and, thus, the assignment has no merit.

REFUSAL TO LET DEFENDANT SPEAK AFTER SENTENCING
In the second assignment of error, defendant urges that the trial court erred *1170 when it refused to allow defendant to make a statement at the conclusion of the sentencing proceedings. He argues that it is "customary" and that defendant should have been allowed to present mitigating factors.
At the beginning of defendant's sentencing, his attorney objected to the court's earlier denial of the motion to withdraw guilty plea. After briefly explaining his reasons for the ruling, the judge discussed the difficulty in sentencing people who have abused children sexually, making reference to defendant's record and the facts of the offenses. The court then sentenced defendant and made the presentence investigation report part of the record. At that point, defense counsel moved for an appeal. At the conclusion of the proceedings, defendant's attorney informed the court that his client wished to make a statement. The court refused to let defendant speak, and the attorney objected to that ruling.
The Louisiana Supreme Court has held that due process guarantees a defendant the right to rebut false information relied upon by the trial court in imposing sentence:
[T]he due process guarantee of Article 1, Section 2 of the Louisiana Constitution requires that a defendant be given an opportunity to rebut false or invalid data of a substantial nature, to which the sentencing judge is exposed, where there is a reasonable probability that it may have contributed to the harshness of the sentence.... Due process does not necessarily require a full scale evidentiary hearing ..., but due process and fairness values require that a defendant be afforded an opportunity to deny or explain prejudicial information otherwise secret to the judge himself.
State v. Telsee, 388 So.2d 747, 750 (La.1980) (citations omitted). See also La.C.Cr.P. art. 877. If a defendant does not request the right to rebut information contained in the presentence investigation report, he has waived the opportunity to rebut the report. State v. Washington, 414 So.2d 313, 316 (La.1982). See also State v. Tate, 506 So.2d 546, 553 (La.App. 1st Cir.), writ denied, 511 So.2d 1152 (La.1987).
The record does not support defense counsel's appellate claim that defendant wanted to speak in order to provide the court with mitigating information. When defendant made the request to speak, the court already had imposed sentence and defendant had filed his notice of appeal. Defendant's attorney admits that it is unclear whether defendant wanted to rebut the PSI or discuss the motion to withdraw his guilty plea. Because defendant did not specifically request the right to rebut the PSI or to present mitigating information, he waived those rights.
In the pro se briefs filed on appeal, defendant claims the PSI contained false information and that he wanted to speak in order to provide mitigating facts to the trial court. However, neither he nor his counsel specify how the information in the PSI is false nor what mitigating circumstances could have been shown to the court. Because defendant did not specifically ask the trial court for the right to rebut the PSI and because he does not even allege on appeal how he could have rebutted the PSI, the assignment is without merit. See Washington, 414 So.2d at 316. Cf. State v. Lockwood, 399 So.2d 190, 194 (La. 1981).

EXCESSIVE SENTENCE
In defendant's final assignment of error, he argues the sentence is excessive. Specifically, he maintains that the trial court did not articulate the factors it considered under article 894.1 of the Louisiana Code of Criminal Procedure and that the court gave no indication that it considered the possibility of probation.
The maximum penalty for each count of sexual battery is imprisonment for ten years, with or without hard labor. La.R.S. 14:43.1(C). Defendant's concurrent six-year sentences at hard labor on each count are within the statutory guidelines.
The trial judge has wide discretion, though not unbridled, in the imposition of a sentence within statutory limits. See State v. Sepulvado, 367 So.2d 762, 767 (La.1979). *1171 Given compliance with the sentencing criteria of La.C.Cr.P. art. 894.1, the sentence will not be set aside in the absence of manifest abuse of discretion. State v. Washington, 414 So.2d 313, 315 (La.1982).
Article I, § 20, of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence will be determined excessive if it is grossly disproportionate to the crime, or nothing more than the needless imposition of pain and suffering. State v. Guiden, 399 So.2d 194, 200 (La.1981), cert. denied, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982). The determination turns upon the punishment and the crime in light of the harm to society and whether or not the penalty is so disproportionate that it shocks our sense of justice. State v. Pearson, 425 So.2d 704, 705 (La.1982).
La.C.Cr.P. art. 894.1 requires the trial court to weigh both aggravating and mitigating circumstances in determining the length of the sentence and whether or not to suspend the sentence. See also Sepulvado, 367 So.2d at 767-68. While the trial court is not required to articulate every such circumstance in imposing sentence, the record must reveal adequate consideration of the guidelines enumerated in art. 894.1. State v. McGuire, 560 So.2d 545, 552 (La.App. 1st Cir.), writ denied, 565 So.2d 941 (La.1990). See also La.C.Cr.P. art. 894.1(C). Even in the absence of adequate compliance with the mandate of article 894.1, it is not necessary to remand the matter for resentencing when the sentence imposed is not apparently severe in relation to the particular offender or the particular offense. State v. Holts, 525 So.2d 1241, 1246 (La.App. 1st Cir.1988). A sentence imposed without the assignment of reasons will not be set aside automatically on appeal, but will be set aside for resentencing only if the record is inadequate or if the record clearly indicates the sentence is excessive. State v. Buie, 477 So.2d 157, 165 (La.App. 1st Cir.1985). See also State v. Martin, 400 So.2d 1063, 1076 (La.1981) (on rehearing).
The trial judge did not, as the state suggests, "meticulously" comply with article 894.1; but the judge did state his reasons for the sentence, and the facts of the offense and the presentence investigation report, which the judge filed into the record, support the sentence imposed. Before sentencing defendant, the court noted that, although defendant had prior arrests, he had no prior convictions and that he was forty-eight years old. The court also referred to the facts of the offenses and expressed concern over defendant's need for treatment.
After reviewing the record, we agree that the trial court did not err in finding that there was an undue risk that defendant would commit a similar offense if he was placed on probation. Although defendant had no prior convictions, he had engaged in a "course of consistent criminal conduct over a period of time." See State v. Deville, 376 So.2d 1237, 1239 (La.1979). He had resided with the victim's parents for a mere six weeks, yet he had managed to sexually abuse their young daughter at least eight or ten times. He also related to the sanity commission doctors that he had a history of molesting children in the past even though he had not been arrested for it. Two of the doctors who examined defendant concurred that defendant is a pedophile. Additionally, there is absolutely no indication that defendant was likely to respond affirmatively to probationary treatment. He has refused to recognize his guilt, which is often the first step toward rehabilitation. When defendant was interviewed in connection with the PSI, he appeared to try to lay blame on the child, maintaining she started the encounter by playing with herself first. However, the record reveals that the five-year-old victim did not induce or facilitate the commission of defendant's crime. Furthermore, defendant's unsteady work history and life as a "drifter" make him a risky candidate for probation. Cf. State v. Bing, 410 So.2d 227, 228 (La.1982); State v. Clark, 391 So.2d 1174, 1177 (La.1980). Finally, we are convinced that a lesser sentence would deprecate the seriousness of defendant's crime. The victim was five years old when these offenses occurred, and in the presentence report the girl's mother indicated her child still was having nightmares as a result of defendant's crimes.

*1172 PATENT ERROR
Under the authority of La.C.Cr.P. art. 920(2), this court routinely reviews appellate records for patent error. After reviewing the record, we have discovered error patent on its face. The trial court did not give defendant credit for time served when the sentence was imposed.
La.C.Cr.P. art. 880 requires the court to give a defendant "credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence." Patent sentencing error occurs when the trial court fails to specify credit for time served. State v. Hall, 287 So.2d 798, 799 (La.1973). See also State v. McDowell, 538 So.2d 754, 757 (La.App. 5th Cir.1989); State v. Richard, 525 So.2d 1097, 1101 (La.App. 5th Cir.1988), writ denied, 538 So.2d 609 (La.1989). Accordingly, (while affirming the length of defendant's sentence), we find a patent sentencing error and amend the sentence to reflect that defendant is to be given credit for time served prior to execution of his sentence. See La.C.Cr.P. art. 882(A). Resentencing is not required. However, we remand the case and order the district court to amend the commitment and the minute entry of the sentencing to reflect that defendant is to be given credit for time served.
CONVICTION AND SENTENCE AFFIRMED AS AMENDED AND REMANDED WITH ORDER.