It ARMSTRONG, Judge.
The State of Louisiana seeks review of a judgment granting the defendant’s motion to recuse the District Attorney from prosecuting a case against the juvenile defendant. The defendant is charged with violating La. R.S. 14:68.4 relative to unauthorized use of a motor vehicle. The vehicle that the defendant was allegedly driving at the time of his arrest was registered to William Wessel, the alleged attorney for the District Attorneys Office.
The defendant filed a motion to recuse based on La.C.Cr.P. art. 680. Following a hearing on December 18, 1998, the trial court granted the motion to recuse and gave the State until 3:00 p.m. to seek supervisory writs. The State filed its writ application in this court on December 18, 1998 and supplemented the writ application with the transcript of the motion hearing on December 23,1998.
The defendant argued the district attorney had a personal interest in the outcome of the case and should be recused pursuant to La.C.Cr.P. art. 680 which provides:
Art. 680. Grounds for recusation of district attorney
A district attorney shall be recused when he:
(1) Has a personal interest in the cause or grand jury proceeding which is in conflict ivith fair and impartial administration of justice; ...
(2) Is related to the party accused or to the party injured, or to the spouse of the accused or party injured, or to a party who is a focus of a grand jury investigationj^to such an extent that it may appreciably influence him in the performance of the duties of his office ... (emphasis added)
At the hearing on the motion the State admitted that the victim, Mr. Wessel, was on retainer as the attorney for the District Attorney’s Office. No additional evidence in support of the motion was introduced. The trial court gave the following reasons for granting the motion to recuse:
... Based on the admission by Ms. Mumphrey [the ADA prosecuting the case] that Mr. Wessel is on retainer by the District Attorney’s office to represent the District Attorney’s office and consequently, all Assistant District Attorneys who may be sued for whatever reason, malpractice or malfeasance, the court feels that that is sufficient and that Ms. Chango [the defendant’s attorney] has proven, by a preponderance of the evidence, that there is this personal interest in the case and that the Attorney General’s Office should be appointed or appoint someone to prosecute this matter. The Court is satisfied that there is this personal relationship between the District Attorney’s office and that in the interest of justice and fairness, 'since Mr. Wessel is the attorney who is retained by the District Attorney’s office, that the District Attorney’s *127 office does have a personal interest in this matter and should recuse himself and his office.
The sole issue in this writ application is whether the fact that the victim is on retainer to represent the District Attorney’s Office mandates a finding that the District Attorney has a personal interest in the case that is in conflict with the fair and impartial administration of justice.
In an action to recuse the district attorney, the defendant bears the burden of proving by a preponderance of the evidence that the district attorney has a personal interest in conflict with the fair and impartial administration of justice. State v. West, 561 So.2d 808 at 810 (La.App. 2nd Cir.1990), writ denied, 566 So.2d 983 (La.1990).
In cases involving motions to recuse district attorneys, it does not appear that the courts have been willing to equate a professional relationship with a personal interest in the case. In State v. Bourque, 622 So.2d 198 (La.1993), for example, the district attorney’s investigator was related to the victims by marriage. However, the investigator was not involved in the investigation of the case. The Supreme Court rejected the defendant’s claim that the district attorney should have been recused:
The defendant did not present any evidence tending to show a personal interest on behalf of the entire district attorney’s office, which would threaten the fair and impartial administration of justice. ‘The mere presence of a victim’s relative in the district attorney’s office does not support a finding of recusal.’ State v. West, 561 So.2d 808, 811 (La.App. 2 Cir [sic]), writ denied, 566 So.2d 983 (La.1990) (where victim of robbery was father of assistant district attorney not assigned to case).
State v. Bourque, 622 So.2d at 218.
Similarly, in State v. Thornton, 521 So.2d 598 (La.App. 1st Cir.1988), writ denied, 530 So.2d 85 (La.1988), the court rejected the defendant’s claim that she should have been allowed to withdraw her guilty plea because she did not know that the assistant district attorney was related to the victim. The court noted that, because no recusal would have been required, there was no basis to withdrew the plea.
In State v. Bender, 598 So.2d 629, 633-34 (La.App. 3rd Cir.1992), writ denied, 605 So.2d 1125 (La.1992), the court found that there was no need to recuse the district attorney despite an alleged friendship with the victim, who was a sheriffs deputy. . The testimony in that case was similar to that in the case here. |4The district attorney stated that he socialized with the deputy only at functions such as office Christmas parties; their relationship was a professional one, not a personal friendship.
In the instant case, no testimony was presented to show that the district attorney or the assistant district attorney prosecuting the case had any type of personal relationship with the victim. Nor was any evidence produced to show the ADA even knew the victim. In fact, no testimony was presented at all. In the absence of any testimony showing a personal interest in the outcome of this particular prosecution, it appears the trial court erred in granting the motion to recuse. At the most, the stipulation of the ADA only established that a professional relationship with the victim might have existed. There was no evidence of any discussions about the ease involving the defendant. The defendant failed to show that the district attorney had a personal interest in this case that would conflict with the fair and impartial administration of justice.
For the foregoing reasons, we reverse the judgment of the trial court and remand this case for further proceedings.

WRIT GRANTED; REVERSED AND REMANDED.