liWALTZER, Judge.
STATEMENT OF CASE
The State charged the defendant, Earl Cooper, with simple burglary of an inhabited dwelling, a violation of La. R.S. 14:62.2 by bill of information on 27 March 1997. The trial court appointed counsel and defendant entered a plea of not guilty at his arraignment on 8 April 1997. The trial court found probable cause after a preliminary hearing on 22 April 1997 at which defendant was represented by counsel. On 13 November 1997, defense counsel filed a motion to recuse the District Attorney. The trial court denied the motion to recuse after a hearing on 29 January 1998. The trial court granted the defendant thirty days to seek supervisory writs. On 19 May 1998, this Court denied the defendant’s writ application as untimely. State v. Earl Cooper, unpub., 98-K-1092 (La.App. 4 Cir. 5/18/98). On 8 October 1998, the defendant withdrew his plea of not guilty and pled guilty as charged under State v. Crosby, 338 So.2d 584 (La.1976). The trial coral then accepted the guilty plea and sentenced the defendant to five years at hard labor with credit for time served. The trial court granted the defendant’s motion for appeal. The State subsequently filed a multiple bill of information on August 25, 1999. However, the trial court granted the defendant’s motion to quash the |2multiple bill on November 10, 1999. We affirm the defendant’s conviction and sentence.

ERRORS PATENT

A review of the record for errors patent reveals that the trial court imposed an illegally lenient sentence. La. R.S. 14:62.2 provides that the first year of a defendant’s sentence under this statute shall be without the benefit of parole, probation or suspension of sentence. In the present case, the trial court failed to include such a provision. Because the issue was not raised by the State, this Court will not correct this defendant-favorable error. State v. Fraser, 484 So.2d 122 (La.1986).
*1042 ASSIGNMENT OF ERROR: The trial court erred when it denied defendant’s motion to recuse the District Attorney.
The defendant claims that since the victim of the burglary was William Con-nick, alleged by defense counsel to be the cousin of Harry Conniek, Sr., the District Attorney should have been recused. Defendant contends that because of this relationship, the District Attorney refused to enter a plea agreement with the defendant.
La.C.Cr.P. art. 680 provides in relevant part for the recusal of the district attorney who is related to the party injured, to such an extent that it may appreciably influence him in the performance of the duties of his office.
Under these circumstances, the defendant bears the burden of proving by a preponderance of the evidence that the District Attorney’s Office has a personal | ¡¡interest in conflict with the fair and impartial administration of justice. State v. Givens, 98-0007 (La.App. 4 Cir. 12/8/99), 750 So.2d 242.
Even though the victim in this case is alleged to be a cousin of the District Attorney, the defendant introduced no evidence at all at the hearing on his motion to recuse. Therefore, there is nothing before us to suggest that the relationship, if any, between the District Attorney and the victim in this case influenced the fair and impartial administration of justice in this case. The defendant has not produced any evidence to suggest that Harry Conniek, Sr., was personally involved in this case, that he discussed the case with the assistant who handled the case, that he refused to allow the assistant to offer a plea bargain or that the alleged relationship between the victim and the District Attorney in any way affected the resolution of the defendant’s case.
In State ex rel. T.F., 98-3033 (La.App. 4 Cir. 4/1/99), 732 So.2d 125, 127, this Court cited the standard set forth in State v. Bourque, 622 So.2d 198 (La.1993):
The defendant did not present any evidence tending to show a personal interest on behalf of the entire district attorney’s office, which would threaten the fair and impartial administration of justice. ‘The mere presence of a victim’s relative in the district attorney’s office does not support a finding of recusal.’ [Citation omitted]
The record shows that the defendant in the instant case is a career criminal with prior convictions for purse snatching in 1988, distribution of cocaine in 1990 and, most recently, for aggravated battery of a police officer and first degree robbery in 1997. In the latter case, he was multiple billed and sentenced to life imprisonment. This criminal record provided sufficient basis for the State’s refusal to enter into a plea bargain with the defendant.
| ¿This assignment is without merit.
CONCLUSION AND DECREE
Accordingly, we find that the defendant failed to sustain its burden of proving a basis for recusal of the District Attorney. We affirm the defendant’s conviction and sentence.
CONVICTION AND SENTENCE AFFIRMED.