684 So.2d 1150 (1996)
STATE of Louisiana
v.
Tyrone LAWSON.
No. 95 KA 1604.
Court of Appeal of Louisiana, First Circuit.
December 20, 1996.
*1151 Aaron Brooks and Kay Howell, Baton Rouge, for State of Louisiana.
Lennie F. Perez and Jim Holt, Baton Rouge, for Defendant-Appellant.
Before SHORTESS, LEBLANC and TANNER, JJ.[1]
SHORTESS, Judge.
Tyrone Lawson (defendant) was charged by bill of information with possession of a firearm by a convicted felon, La. R.S. 14:95.1. Initially, he pled not guilty and filed a motion to suppress based upon an allegedly illegal stop. However, without obtaining a ruling on the motion to suppress, defendant withdrew the earlier plea and entered an unconditional plea of guilty as charged. Thereafter, pursuant to the efforts of new counsel, the motion to suppress was reopened; and a motion to withdraw guilty plea (based solely upon the plea being entered without any ruling on the motion to suppress) was filed. Subsequently, the motion to suppress and motion to withdraw guilty plea both were denied. Defendant received a sentence of three years at hard labor, with credit for time served.[2] Defendant has appealed, alleging, via three assignments of error, that the trial court erred in failing to grant his motion to suppress, his motion to withdraw guilty plea, and his motion for reconsideration of the rulings on the motion to suppress and the motion to withdraw guilty plea.
Assignment of error number three was not briefed on appeal and, therefore, is considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.
The following facts are derived from the first hearing on the motion to suppress. Sometime on the morning of December 21, 1992, Louisiana State Police trooper Kevin Reeves received a radio transmission reporting a stolen vehicle. This BOLO (be on the lookout) advised that a light-colored BMW with a temporary license tag in the rear window, occupied by two black males, was in the Gardere Lane area of East Baton Rouge Parish. At approximately 10:30 a.m., while patrolling on Ned Drive, Reeves stopped a vehicle matching this description and occupied by two black males. Defendant, who was driving, indicated he did not have his driver's license. Reeves then asked to see the vehicle registration. Before returning to the vehicle and retrieving the registration, defendant informed Reeves he had a gun on the center console. When a radio check of defendant's registration and criminal record indicated he was a convicted felon, defendant was arrested.

ASSIGNMENT OF ERROR NO. ONE
Defendant contends the trial court erred in denying the motion to suppress. Specifically, he contends the initial stop of his vehicle was illegal and, therefore, the gun should have been suppressed. He forcefully argues that because Reeves had no reason to stop the vehicle apart from the BOLO and because the State failed to establish the source of the stolen vehicle report, the initial stop was without probable cause or reasonable suspicion. While this assignment of error presents a serious issue, it cannot be reviewed on appeal.
At the time he pled guilty, defendant failed to reserve his right to appellate review of the denial of the motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La. 1976). Defendant's guilty plea was unconditional; it is of no moment that the motion *1152 had not been ruled on at the time of the plea and subsequently was reopened and then denied. Nor is it significant that, at sentencing, the trial court and defense counsel apparently anticipated an appeal of the probable cause issue. It is well established that without a Crosby reservation, any error related to the conduct of the hearing on the motion to suppress or the denial of that motion is waived. State v. Jackson, 597 So.2d 526, 529 (La.App. 1st Cir.), writ denied, 599 So.2d 315 (La.1992); State v. Thornton, 521 So.2d 598, 600 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988).
For the above reasons, this assignment of error is not subject to appellate review. However, if defendant's argument regarding the illegality of the stop indeed has merit, he is not without a remedy. Defendant may seek post-conviction relief. See La.C.Cr.P. arts. 924-930.8; State v. Jones, 484 So.2d 933, 935 (La.App. 1st Cir.1986).

ASSIGNMENT OF ERROR NO. TWO
Defendant contends the trial court erred in denying the motion to withdraw guilty plea. Essentially, defendant re-urges the merits of the motion to suppress, concludes this court should reverse the trial court and grant the motion to suppress, and requests the case be remanded to allow him to withdraw his guilty plea. As noted above, the motion to withdraw guilty plea was based solely upon the fact that there had been no ruling on the motion to suppress when defendant entered his guilty plea. When the trial court reopened the motion to suppress hearing and ultimately denied the motion, defendant received the relief he had requested (a ruling on the motion to suppress, albeit a denial) and, therefore, the trial court correctly denied the motion to withdraw guilty plea.
Additionally in his brief to this court, defendant claims his guilty plea was involuntary due to his "lack of options." In other words, defendant was forced to choose between going to trial or pleading guilty without defense counsel first obtaining a ruling on the motion to suppress. This argument constitutes a new ground for objection which cannot be raised for the first time on appeal. See La.C.Cr.P. art. 841; State v. Hawkins, 496 So.2d 643, 647 (La.App. 1st Cir.1986), writ denied, 500 So.2d 420 (La.1987).
This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Judge Thomas W. Tanner, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] We note the existence of a patent sentencing error. Louisiana Revised Statute 14:95.1(B) requires the imposition of a fine of not less than $1,000.00 nor more than $5,000.00 and requires any sentence to be imposed without benefit of probation, parole, or suspension of sentence. On appeal, however, this court cannot correct such an illegally lenient sentence. See State v. Fraser, 484 So.2d 122, 125 (La.1986).