I ¶MOORE, J.
The defendant, Antoine Enrico Watson (“Watson”), and his wife, Latrisha Watson, were charged by joint bill of information with one count each of possession with the intent to distribute Schedule III and IV controlled dangerous substances. After the district court denied his motion to suppress, Watson pled guilty as charged in exchange for the state’s agreement to nol-pros all charges against his wife. The district court sentenced him to five years at hard labor on each count, to run consecutively. Watson now appeals. For the reasons expressed, we affirm.
A confidential informant advised Bossier City police that a man called Rico was periodically driving from the Houston area to Bossier City to deliver large quantities of hydroeodone and Valium, and sometimes marijuana. Rico usually drove a van or a rental car and was accompanied by a woman. On August 10, 2001, the confidential informant phoned Rico and arranged to buy 400 Lortab and 100 Valium tablets; Rico agreed to meet him at the parking lot of Nicky’s Mexican Restaurant on Airline Drive. At 7:46 that evening a Ford Expedition pulled into Nicky’s parking lot; the driver exited and walked toward the confidential informant’s car. Waiting police officers detained Rico and conducted a pat-down search for their safety. In his right front pocket they found a bag containing *96 400 Lortab and 100 Valium tablets. They arrested Rico, whose real name was Antoine Enrico Watson. They then searched the rented Expedition, where Watson’s wife was sitting. They found 1000 Valium, 937 Lortab and 300 Soma tablets, in numerous smaller bags. Officers then arrested Mrs. Watson, who had another 104 Valium tablets in her purse. The seized contraband tested ^positive for hydroco-done and diazepam, Schedule III and IV controlled dangerous substances.
Watson and his wife filed a motion to suppress all the controlled dangerous substance seized in the incident. The district court denied this motion after a hearing. Defense counsel then asked for a recess to discuss a plea bargain. After the recess, the prosecutor announced the plea bargain and defense counsel objected to the court’s ruling on the motion to suppress. However, Watson then entered his guilty plea with no reservation of rights to appeal the ruling on the motion to suppress. After a thorough Boykin examination, the court accepted the guilty plea and the prosecutor nol-prossed the charges against Mrs. Watson. The district court later sentenced Watson to five years at hard labor on each count, to run consecutively.
Watson now appeals, urging by one assignment of error that the district court erred in denying his motion to “quash” the evidence as the frisk was unlawful. The thrust of the argument is that the informant’s uncorroborated statements did not provide a reasonable suspicion of criminal conduct to justify stopping and frisking Watson. The state responds that police officers were present when the informant phoned Watson and planned the drug deal; once Watson arrived at the designated location and the informant recognized him, they had probable cause to arrest and reasonable suspicion to pat him down.
A plea of guilty normally waives all non-jurisdictional defects in the proceedings prior to the plea. State v. Crosby, 338 So.2d 584 (La.1976). When the defendant, at the time of entering a guilty plea, expressly | .^stipulates that he does not waive his right to the review of a non-jurisdictional pre-plea ruling, the appellate court will review that ruling. State v. Moore, 420 So.2d 1099 (La.1982).
As noted, defense counsel objected to the ruling on the motion to suppress but did not expressly reserve the right to have the denial of the motion reviewed on appeal. In the Boykin colloquy he unconditionally admitted his guilt and never once mentioned any intent to appeal the motion to suppress. Under the circumstances, the issue is not preserved for review. State v. Moore, supra; State v. King, 99-1348 (La.App. 5 Cir. 5/17/00), 761 So.2d 791, unit denied, 00-1824 (La.6/29/00), 794 So.2d 822; State v. Lawson, 95-1604 (La.App. 1 Cir. 12/20/96), 684 So.2d 1150, writ denied, 97-0191 (La.6/13/97), 695 So.2d 986. The assignment of error therefore lacks merit.
We have reviewed the entire record and find nothing we consider to be error patent. La.C.Cr.P. art. 920(2). For these reasons, Watson’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.