STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2023 KA 1323

STATE OF LOUISIANA

VERSUS

JAMES MICHAEL BUCKLEY

JUN 27 2024

Judgment Rendered: _____

Appealed from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 5262-F-2020

The Honorable Ellen M. Creel, Judge Presiding

| | |
|---|---|
| Matthew Caplan<br>Assistant District Attorney<br>J. Collin Sims<br>District Attorney<br>Covington, Louisiana | Counsel for Appellee,<br>State of Louisiana |
| Prentice L. White<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant,<br>James Michael Buckley |

BEFORE: McCLENDON, HESTER, AND MILLER, JJ.

**MILLER, J.**

The defendant, James Michael Buckley, was charged by amended grand jury indictment with second degree rape (Count 1), a violation of La. R.S. 14:42.1(A)(1); sexual battery (Count 2), a violation of La. R.S. 14:43.1(A)(1); home invasion (Count 3), a violation of La. R.S. 14:62.8; simple burglary of an inhabited dwelling (Count 4), a violation of La. R.S. 14:62.2; and two counts of attempted simple burglary of an inhabited dwelling (Counts 5 & 6), violations of La. R.S. 14:27 and La. R.S. 14:62.2.

The defendant entered a plea of not guilty on each of the six counts and moved to suppress his statements. The trial court denied the motion to suppress and the defendant later pled guilty to all counts. The trial court sentenced him in accordance with a plea agreement to a total term of imprisonment of fifty years, as follows: (Count 1) forty years at hard labor, without benefit of probation, parole, or suspension of sentence; (Count 2) ten years at hard labor without benefit of probation, parole, or suspension of sentence, consecutive to the sentence imposed on Count 1; (Count 3) thirty years at hard labor, concurrent to the sentence imposed on Count 1; (Count 4) twelve years at hard labor, concurrent with the sentences imposed on Counts 1 and 3; (Count 5) six years at hard labor, concurrent with the sentences imposed on Counts 1, 3, and 4; and (Count 6) six years at hard labor, concurrent with the sentences imposed on Counts 1, 3, 4, and 5. As to Count 1 and Count 2, the trial court further ordered the defendant to register as a sex offender for the remainder of his life.

The defendant later filed a *pro se* application for post-conviction relief and/or request for out of time appeal, which the trial court granted. The defendant now appeals, contending that the trial court erred in denying his motion to suppress. For the following reasons, we affirm the defendant's convictions and sentences.

## FACTS

As the defendant entered guilty pleas prior to a trial in this matter, the facts were not fully developed in the record. However, the following information was elicited at the suppression hearing, through pre-trial discovery, and stipulated to by the defendant. On July 20, 2020, Covington Police Officers received information that an individual attempted to enter the home of Mary Bush on two separate occasions. A short time later, Covington Police Officers were dispatched to the home of B.C.[1] for a reported home invasion and rape. The suspect involved in both incidents was described as a black male riding a bicycle.

Just after midnight on July 21, 2020, Sergeant Blain Morgan with the Covington Police Department observed the defendant riding his bike in the street without a headlamp carrying a chainsaw and several other items. Sgt. Morgan was aware officers in the area were looking for a rape suspect who was known to be riding a bicycle. Sgt. Morgan detained the defendant and learned he had an outstanding arrest warrant in Tangipahoa Parish, at which point he was placed under arrest and searched. Pursuant to the search incident to arrest, Sgt. Morgan found marijuana and drug paraphernalia on the defendant's person and he was subsequently arrested on those charges as well. Further investigation revealed the chainsaw and some other items found in the defendant's possession were stolen from B.C.'s residence, and the defendant's DNA was also found inside of B.C.'s home.

Over the course of the following twenty-three hours, the defendant was transported to the Covington Police Department for questioning, where he was advised of his <u>Miranda</u>[2] rights and agreed to make a statement. During the two

---

[1] We reference the victim of this sex offense by her initials herein. <u>See</u> La. R.S. 46:1844(W).

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

recorded interviews, the defendant made several incriminating statements regarding the offenses for which he was later charged and to which he pled guilty.

## DENIAL OF MOTION TO SUPPRESS

In his sole assignment of error, the defendant alleges the trial court erred in denying the motion to suppress his statements. Specifically, the defendant contends that he had taken muscle relaxers and consumed alcohol earlier that day and thus was intoxicated at the time of his statements, rendering him incapable of knowingly waiving his right to remain silent. The defendant's alleged intoxication was presented to the trial court for consideration at the hearing on the motion to suppress. However, a thorough review of the record reveals that the defendant pled guilty to the offenses charged herein and failed to preserve this issue for review.

A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. State v. Phillips, 2022-1362 (La. App. 1st Cir. 6/20/23), 2023 WL 4067697, *2 (unpublished), writ denied, 2023-01004 (La. 1/24/24), 377 So. 3d 691. A plea of guilty waives a criminal defendant's fundamental right to a jury trial, right to confront his accusers, and his privilege against self-incrimination. Thus, due process requires, as a prerequisite to its validity, that the plea be a voluntary and intelligent relinquishment of known rights. There must be an affirmative showing in the record that the defendant was informed of the constitutional privilege against self-incrimination, the right to trial by jury, and the right to confront his accusers and he knowingly and intelligently waived them. State v. Phillips, 2023 WL 4067697 at *2, see also Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969).

Under both state and federal jurisprudence, an unqualified plea of guilty waives all non-jurisdictional defects in the proceedings prior to the entry of the guilty plea, and precludes review of such defects by either appeal or post-

4

conviction relief. State v. Reynolds, 2017-1574 (La. App. 1ˢᵗ Cir. 4/6/16), 2018 WL 1686111, *2 (unpublished). However, a defendant may be allowed appellate review if at the time he enters a guilty plea, he expressly reserves his right to appeal a specific adverse ruling in the case. State v. Crosby, 338 So. 2d 584, 591 (La. 1976); see also State v. Lawson, 95-1604 (La. App. 1ˢᵗ Cir. 12/20/96), 684 So. 2d 1150, 1151-1152, writ denied, 97-0191 (La. 6/13/97), 695 So. 2d 986.

A thorough review of the record shows the defendant's guilty pleas herein were unconditional and the defendant was properly advised of his rights under Boykin. During the plea colloquy, the trial court scrupulously informed the defendant of the rights waived by pleading guilty, including that, by pleading guilty, he was waiving his right to appeal. The defendant acknowledged he understood the waiver and wished to go forward with his guilty pleas.[3] Moreover, the record is devoid of any mention, either when the defendant entered his guilty pleas or when the trial court imposed its sentences in conformance therewith, that

---

[3]The transcript of the Boykin examination provides the following exchange between the trial court and the defendant:

[COURT]: You have a right to an appeal if things did not go your way at trial. And you have a right to have an attorney with you at every stage of the proceedings. If you couldn't afford one, the Court would make sure one was appointed to represent you.
Do you understand all of your constitutional rights, sir?

[DEFENDANT]: Yes, ma'am.

[COURT]: Do you understand that if you choose to enter a plea of guilty here today that you will be waiving them all?

[DEFENDANT]: Yes, ma'am.

                              ***

[COURT]: You've been represented by [an attorney]. Is that correct?

[DEFENDANT]: Yes, ma'am.

[COURT]: Has he advised you of all of your constitutional rights?

[DEFENDANT]: Yes, ma'am.

[COURT]: Has he told you you will be waiving them, if you decide to enter a plea today?

[DEFENDANT]: Yes, ma'am.

the guilty pleas were entered pursuant to <u>Crosby</u>. Thus, at the time he entered his pleas, the defendant made no reservation of his rights. It is well established that without a <u>Crosby</u> reservation, any error related to the motion to suppress or the denial of that motion is waived. <u>Lawson</u>, 684 So. 2d at 1151-1152; <u>see also</u> <u>State v. Perkins</u>, 2013-0314 (La. App. 1st Cir. 11/1/13), 2013 WL 5915198, *2 (unpublished). Accordingly, this assignment of error is without merit or otherwise not subject to appellate review.

## CONCLUSION

For the above and foregoing reasons, the defendant's convictions and sentences are affirmed.

**CONVICTIONS AND SENTENCES AFFIRMED.**