ALFORD, Judge.
The defendant, Michael Anthony Shepherd, was charged by indictment with the second degree murder of Freddie Williams, in violation of La.R.S. 14:30.1. Initially, he pled not guilty. Immediately before trial, however, the defendant entered into a plea bargain agreement in which he entered a plea of nolo contendere to the lesser included offense of manslaughter, a violation of La.R.S. 14:31. In exchange for the nolo contendere plea, the State agreed not to charge the defendant as a second felony offender. After the defendant entered the plea, the trial judge sentenced him to the previously agreed upon sentence of eighteen years at hard labor. The defendant has appealed, alleging four assignments of error, as follows:
1. The trial court erred in accepting the defendant’s plea of nolo contendere to manslaughter.
2. The trial court erred in failing to sufficiently examine the defendant while accepting his nolo contendere plea.
*475 3. The trial court erred in sentencing defendant to eighteen (18) years at hard labor, when defendant understood, or misunderstood, his agreed upon sentence to be ten (10) years.
4. The trial court erred in failing to appoint post-conviction and/or appellate counsel for the defendant immediately upon trial counsel’s withdrawal from the case.
Because the defendant entered a plea of nolo contendere, the facts surrounding the instant offense were not fully developed. During the Boykin colloquy, the trial judge asked the prosecutor to state the factual basis for the plea. The prosecutor indicated that, in the early morning hours of December 13, 1986, the victim, Freddie Williams, and Brenda Ann Millican drove to 5515 Prescott Avenue in Baton Rouge, Louisiana. When they arrived, a scuffle occurred between the defendant and the victim. The defendant shot the victim with a pistol in the presence of Ms. Millican and another witness. The defendant then left the scene. The victim had died by the time the police and paramedics arrived at the scene.
ASSIGNMENTS OF ERROR NUMBERS ONE, TWO, THREE, AND FOUR:
In these assignments of error, the defendant complains that, immediately before trial, he was coerced into a plea bargain by his first attorney, hereinafter referred to as trial counsel.[1] In his brief to this Court, the defendant explains that he had several pretrial discussions with trial counsel about his defense and believed everything to be proceeding smoothly until immediately before trial, when trial counsel suddenly informed him that his defense would not succeed due to the testimony of certain State witnesses. Trial counsel urged the defendant to enter into a plea bargain. Trial counsel also spoke to the defendant’s parents and enlisted their support in persuading the defendant to plead nolo contendere, rather than go to trial. The defendant states that he “consistently resisted the idea of pleading, tried, as best he could, to understand the entire discussions, and finally, reluctantly consented, primarily because his attorney continued to • advise him that this was the best thing to do.” In assignment of error number one, the defendant argues that the trial judge erred in accepting the plea because it was not freely and voluntarily given, since he was pressured into accepting the plea bargain by trial counsel and his parents.
In conjunction with his argument that the plea was coerced, the defendant argues in assignment of error number two that the trial judge erred in failing to conduct a thorough Boykin examination. Our review of the Boykin colloquy indicates otherwise. The trial judge thoroughly explained to the defendant his constitutional rights. The trial judge explained that by pleading nolo contendere the defendant was waiving certain rights and fully explained the consequences of the plea, including future exposure to enhanced penalties should the defendant be convicted of another felony. The trial judge ascertained the defendant’s name, age, marital status, education, employment, and inquired about the defendant’s physical and mental health. The trial *476 judge asked the defendant if he had discussed the case with trial counsel and whether or not he was satisfied with the advice of trial counsel, to which the defendant twice responded in the affirmative. During the Boykin colloquy, the defendant even indicated to the trial judge that he wanted to make sure the trial judge understood that he was pleading “no contest” rather than guilty. Our review of the instant record convinces us that the trial judge thoroughly examined the defendant and ascertained that the defendant’s desire to plead nolo contendere to manslaughter was freely and voluntarily given. We also find that the trial judge completely and properly informed the defendant of his constitutional rights and the consequences of waiving those rights by pleading nolo con-tendere.
The defendant argues that the Boykin colloquy seems to indicate that he entered into the plea bargain only because that was what he was persuaded to do by his parents and trial counsel. He explains that his answers during the Boykin colloquy were made on advice of trial counsel.
As further evidence that he was pressured into this plea bargain and, therefore, confused during these proceedings, the defendant argues in assignment of error number three that the trial judge erred in sentencing him to eighteen years at hard labor. The defendant argues that he understood the sentence would be ten years at hard labor, not eighteen years at hard labor.[2] He alleges that he was promised this sentence by the trial judge and that the prosecutor consented, but admits that it cannot be proven “because there is no written record of it.” On the other hand, we note that the trial judge specifically stated during the Boykin colloquy that the plea bargain included a sentence of eighteen years at hard labor and a promise by the prosecutor not to multiple bill the defendant.
Finally, in the fourth assignment of error, the defendant contends that the trial judge erred in failing to appoint new counsel for the defendant immediately after trial counsel withdrew from the case. The defendant contends that, had such an appointment been made, he could have filed a motion to withdraw the guilty plea.
Notwithstanding the language of La.Code Crim.Proc. art. 559, which authorizes a court to permit the withdrawal of a guilty plea at any time before sentencing, the Louisiana Supreme Court has permitted a constitutionally infirm guilty plea to be set aside after sentencing either by means of an appeal or post-conviction relief. The trial judge has the authority, when called upon to do so through a recognized procedural vehicle, to determine whether or not factors present at the time of a guilty plea (whether inside or outside the plea colloquy record) were sufficient to render the plea involuntary or unintelligent. State v. McCarty, 499 So.2d 292, 293 (La.App. 1st Cir.1986), writ denied, 505 So.2d 56 (La. 1987).
In the instant case, the defendant admits that the record does not support his claim that he was promised a sentence of ten years. Furthermore, from a review of the record, we can only conclude that the defendant freely and voluntarily entered a plea of nolo contendere to manslaughter after being thoroughly questioned by the trial judge. If the defendant seeks to prove his allegations (that he was pressured into the plea bargain and confused about the sentence), his proper remedy is by post-conviction relief, wherein an eviden-tiary hearing could be conducted to explore all of the conversations and events surrounding the instant plea bargain which took place outside the record. See La.Code Crim.P. art. 924, et seq.
For the above reasons, these assignments of error are meritless.
*477 The conviction and sentence are affirmed.
AFFIRMED.

. The defendant entered the instant nolo con-tendere plea to manslaughter on September 14, 1987. Shortly after the defendant entered the plea, he informed trial counsel that he was innocent. He claimed that, while present at the shooting, one of the two women also present shot the victim. The defendant did not know which of the two women had shot the victim, since he and the victim were "wrestling on the ground" when the shooting occurred. (R 53). Trial counsel immediately informed the prosecutor of this disclosure by the defendant and wrote a letter to the trial judge that same day. However, the letter does not specifically state that the defendant desired to withdraw his plea. On September 18, 1987, trial counsel filed a motion to withdraw as counsel of record. The trial judge granted this motion on October 7, 1987. On October 22, 1987, the defendant filed a pro se motion for the appointment of new counsel. While it appears that the trial judge denied this motion, on November 6, 1987, the trial judge ex proprio motu appointed the Office of the Public Defender to represent the defendant on appeal. On November 20, 1987, the present attorney for the defendant enrolled as appellate counsel and the Office of the Public Defender was relieved as counsel of record. Finally, on December 4, 1987, the defendant’s motion for an out-of-time appeal was granted by the trial judge.

. Even assuming a misunderstanding about the duration of the sentence did occur, the defendant is not entitled to the relief he seeks. A misunderstanding does not have the same implications that a breached plea bargain has, including the right to withdraw the plea. State v. Taylor, 479 So.2d 617, 619 (La.App. 1st Cir. 1985).