LOTTINGER, Chief Judge.
Defendant, Vincent Edward Dunbar, was charged by bill of information with forcible rape. La.R.S. 14:42.1. Defendant withdrew his original plea of not guilty; and, pursuant to a plea agreement, he plead guilty as charged under the provisions of North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In accordance with the plea agreement, the court sentenced defendant to imprisonment at hard labor for a term of twenty years, with the first two years of the term to be served without benefit of probation, parole or suspension of sentence and with credit for time served, running concurrently with any other sentence defendant was then serving.[1] In bringing this appeal, defendant urges two assignments of error:
1. The trial court erred by denying defendant’s motion to withdraw his guilty plea.
2. The trial court erred by imposing an excessive sentence and failing to comply with the sentencing guidelines of La.Code Crim.P. art. 894.1.
In brief, defendant expressly abandoned assignment of error number two.
Because defendant pleaded guilty, the facts were not developed fully. However, the record reflects that the instant offense occurred on the night of January 9, 1990, in East Baton Rouge Parish. While the nineteen-year-old female victim was walking on Baylor Street, she was attacked and dragged to a vacant lot and raped by a man whom she had previously seen in her neighborhood; but she did not know his name. She provided the police with a description of the rapist and the clothing he was wearing at the time of the offense. Shortly after the offense, defendant was apprehended, identified by the victim, and placed under arrest.
ASSIGNMENT OF ERROR
In his only briefed assignment of error, defendant contends that the trial court erred by denying his motion to withdraw his guilty plea. More particularly, defendant asserts that under the terms of the plea agreement he was allowed to take a polygraph examination; and, because the terms of the agreement further provided that he would be allowed to withdraw his guilty plea and proceed to trial if the results of a polygraph examination were inconclusive, he should be allowed to withdraw his plea since the results of the test were in fact inconclusive.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.Code Crim.P. art. 559(A). The court’s decision is discretionary, subject to reversal only if the discretion is abused or arbitrarily exercised. State v. Waguespack, 589 So.2d 1079, 1082 (La.App. 1st Cir.1991), writ denied, 596 So.2d 209 (La.1992). Even after sentencing, if a trial court finds “either that a plea of guilty was not entered freely and voluntarily or that the Boykin colloquy was inadequate, and that the plea, therefore, is constitutionally infirm, the Trial Court retains the authority to vacate the sentence and set aside the plea.” State v. Lewis, 421 So.2d 224, 226 (La.1982).
A defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. It is not unreasonable for a trial judge to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking. State v. Banks, 457 So.2d 1264, 1266 (La.App. 1st Cir.1984) (citing State v. Deakle, 372 So.2d 1221 (La.1979)). However, if a plea rests in any significant degree on an agreement or promise by the prosecutor so that it can be viewed as part of the inducement or consideration for the plea such promise must be fulfilled; or, in the absence of fulfillment of the promise, defendant must be given an opportunity to with *940 draw the plea. State v. Greer, 572 So.2d 1166, 1169 (La.App. 1st Cir.1990) citing State v. Atley, 470 So.2d 621, 622 (La.App. 1st Cir.1985).
The record reflects that, after defendant entered his guilty plea, the trial court held a presentencing hearing at which defendant presented the testimony of Louisiana State Police Detective Jay Thompson in support of the position he now advances on appeal. Pri- or to the presentation of Thompson’s testimony, the state and defendant agreed that the guilty plea had been entered pursuant to a plea agreement, the terms of which included the following provisions. Defendant would submit to a polygraph examination. If defendant answered the examiner’s questions truthfully and had no involvement in the charged offense, all charges against defendant would be dismissed. If the results of the polygraph examination were inconclusive, defendant would be allowed to withdraw his plea and proceed to trial on the instant charge. However, if the results of the polygraph examination were conclusive as to defendant’s guilt, the plea bargain would remain intact. At the presentencing hearing and now on appeal, defendant asserts that he should be allowed to withdraw his guilty plea on the basis of inconclusive results of the polygraph examination.
Thompson, who qualified by stipulation of the state and defendant, was accepted by the trial court as an expert in the field of administration of polygraph examinations. Thompson testified that he met with defendant on November 26, 1990, and administered the test to defendant. His testimony reflects that the test consisted of a number of questions he propounded to defendant but that only four questions directly pertained to the rape. He related that the four questions were as follows. (1) On January 9, 1990, did you force [the rape victim] to have sex with you? (2) On January 9, 1990, did you rape [the rape victim] in a vacant lot? (3) Did you stick your penis in [the rape victim’s] vagina? (4) Did you grab [the rape victim] around the neck and drag her into a vacant lot?
Thompson testified that his evaluation of defendant’s responses to questions (1) and (3) was indefinite, inconclusive; Thompson elaborated that he was unable to “call” these responses truthful. However, Thompson determined that defendant’s responses to questions (2) and (4) were deceptive, i.e., lies. Thompson stated that responses given to a polygraph test can be judged by the examiner either globally or numerically. According to Thompson he used to judge such responses globally but now judges them numerically. He indicated that, if he had judged defendant’s responses globally, his conclusion would have been that defendant lied in answering all four of the questions; but, by numerically judging the answers, he concluded that defendant lied only in answering questions (2) and (4) and that the answers given to questions (1) and (3) were inconclusive. In any event, Thompson clearly and unequivocally stated that, based on the questions to which defendant lied, his expert opinion was that defendant raped the victim.
At the conclusion of the presentencing hearing, the trial court denied defendant’s motion to withdraw the guilty plea. In articulating its reasons for denying the motion, the court noted that Thompson qualified and was accepted as an expert in the field of administering polygraph examinations. Although Thompson stated that his evaluation of defendant’s answers to two of the questions was inconclusive, the court noted that the terms of the plea agreement were dependent upon the test results taken as a whole. Thompson’s uncontradicted testimony concerning the test results taken as a whole was that Thompson was convinced that defendant was being untruthful about the rape itself. The court stated that Thompson’s testimony showed that defendant failed the polygraph test; and the court concluded that defendant was bound by the terms of the plea bargain and, thus, not entitled to have his plea withdrawn.
Under these'circumstances, we agree with the trial court’s ruling. In light of the terms of the plea bargain and Thompson’s testimony, we are convinced that the state fulfilled its promises under the plea agreement. Hence, the trial court did not abuse its discretion in denying the motion to withdraw the plea; and, therefore, defendant’s assignment is devoid of merit.
*941 Therefore, the conviction and sentence are affirmed.
AFFIRMED.

. Defendant’s sentence is derived from the sentencing transcript. The court minutes pertaining to sentencing are in conflict with the sentencing transcript since the minutes reflect that defendant received a probated sentence of two years at hard labor subject to various conditions. When there is a discrepancy between a transcript and its corresponding minute entry, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983).