hBROWN, Judge.
Defendant, George Washington, Jr., a minister, school bus driver and deputy sheriff, was videotaped on six separate occasions selling cocaine to a confidential informant. Charged with six counts of distribution, defendant agreed to plead guilty to two counts. Following a review of a pre-sentence investigation report (PSI) and after considering the felony sentencing guidelines (FSG), the trial court sentenced defendant to two consecutive 7/£-year hard labor terms.[1] An additional twelve months at hard labor was imposed on count one, to be suspended upon defendant’s payment of a $10,000 fine within ten days of *875 sentencing. Defendant appeals Ms sentence. We affirm.

DISCUSSION

At sentencing, the trial judge reviewed the PSI with defendant. The court noted defendant’s educational background and employment Mstory. Prior to Ms arrest, defendant worked three jobs, earning a montMy mcome of $3,228. Defendant was a prominent figure m his commumty; in addition to serving as a deputy sheriff, defendant was a school bus driver and minister. The trial court deter-mrned that defendant’s advantages and standmg in the commumty exacerbated the effect of Ms crime and rejected the sentenc-mg range recommended by the FSG as too lement. The court noted but did not consider defendant’s prior manslaughter conviction because of a gubernatorial pardon.
Defendant contends that the trial court failed to state adequate reasons for an upward departure from the sentence recommended by the guidelines.
While a trial court must consider the guidelines, it has the complete discretion to reject them and impose any sentence within the statutory range for the crime of conviction, provided the sentence is not constitutionally excessive. The trial judge need only state for the record the considerations and factual basis |2for the sentence. State v. Smith, 93-0402 (La. 07/05/94), 639 So.2d 237; State v. Tuttle, 26,307-08 (La.App.2d Cir. 09/21/94), 643 So.2d 304. The discretion to choose not to follow the sentencing guidelines applies even in the absence of aggravating or mitigating circumstances. State v. Srnith, supra; State v. Tumblin, 27,122 (La.App.2d Cir. 06/21/95), 658 So.2d 222.
The record reflects that the trial judge considered both the PSI and guidelines prior to imposing sentence. The court discussed at length defendant’s unique status in the commumty. Further, the judge noted that defendant benefited from his plea agreement; defendant pled guilty to two counts of distribution and the state dismissed the other four counts. The trial court gave adequate considerations for the record and set forth a factual basis in support of the sentence imposed. Thus, the trial court complied with the law and was within its discretion m choosing not to follow the guidelines.
Defendant next urges that the trial court erred in imposing consecutive sentences. According to defendant, because the offenses involved the same confidential informant and police officers, he should have been arrested after he committed the first offense rather than “stacking up” the charges. While defendant argues that consecutive sentences were inappropriate, he cites no authority for Ms argument.
LSA-C.Cr.P. Article 883 provides in part: If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the court expressly directs that some or all be served consecutively. Other sentences of imprisonment shall be served consecutively unless the court directs that some or all be served concurrently.
In State v. Miller, 561 So.2d 892 (La.App.2d Cir.1990), writ denied, 566 So.2d 983 (La.1990), this court found that two distinct undercover drug transactions carried out a week apart and paid for separately were not part of a | ¡-¡common scheme or plan, despite that both involved the same undercover officer and took place in the same location. See also State v. Lewis, 567 So.2d 726 (La.App.2d Cir.1990), writ denied, 575 So.2d 364 (La.1991), a case involving two undercover drug buys conducted ten days apart at the same location. We find that the two offenses, in the instant case, which occurred sixteen days apart and at different locations, were adequately differentiated to warrant consecutive sentences.
Further, we find no merit to defendant’s argument that his sentence is constitutionally excessive. Whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, a sentence will not be set aside as excessive. State v. Square, 433 So.2d 104 *876 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
Defendant was videotaped selling cocaine on six separate occasions over a two month period. He pled guilty to two counts of distribution of cocaine in exchange for a dismissal of the remaining four counts. Distribution of cocaine carries a sentence of imprisonment at hard labor for not less than five years nor more than 30 years and a fine of not more than $50,000. Defendant’s sentence of 7½ years on each count, a total of 15 years, and $10,000 fine is on the lower end of this range. Considering the benefit defendant realized from his plea bargain and his highly visible role in his community, -we do not find that the sentence shocks our sense of justice, nor is it a purposeless or needless infliction of pain and suffering.
Defendant also asserts that the trial court erred in sentencing him to an additional twelve months at hard labor on count one, to be suspended upon hisjjpayment of a $10,000 fine or “you may forfeit the 1990 Chevrolet pickup truck in lieu of the fine within ten days.”
LSA-C.Cr.P. Art. 884 states in part that if a sentence imposed includes a fine or costs, the sentence shall provide that in default of payment thereof the defendant shall be imprisoned for a specified period not to exceed one year. Although LSA-C.Cr.P. Art. 884 does allow imprisonment in default of payment of a fine, it does not authorize the default time to be at hard labor. State v. Richardson, 545 So.2d 714, 716 (La.App.2d Cir.1989). Accordingly, we will amend the sentence to provide for one year’s imprisonment in default of payment of the fine or the voluntary forfeiture of the truck.
Under LSA-R.S. 32:1550 et seq., motor vehicles (except for common carriers or stolen vehicles) used in connection with controlled dangerous substance offenses are classified as contraband and may be subject to seizure and forfeiture. In order to forfeit a vehicle, the district attorney must institute a hearing on the matter and establish certain prerequisites.
Procedures for collection of a fine by civil process are set forth in LSA-C.Cr.P. Art. 886(A), which provides:
In the event of nonpayment of a fine, or of a fine and costs, within sixty days after the sentence was imposed, and if no appeal is pending, the court which imposed the sentence may sign a judgment against the defendant in a sum equal to the fine plus judicial interest to begin sixty days after the sentence was imposed, plus all costs of the criminal proceeding and subsequent proceedings necessary to enforce the judgment in either civil or criminal court. Collection of the judgment may be enforced in either criminal or civil court in the same manner as a money judgment in a civil case. In addition, particular courts may provide by court rule for enforcement by the filing of an offset claim against the defendant, in accordance with R.S. 47:299.1 through 299.19.
The trial court allowed defendant the choice to forfeit his truck in full satisfaction of the fine. The court was not attempting to forfeit the truck. If defendant chooses not to pay the fine either in cash or through the surrender of the truck, the district attorney may proceed to collect the fine by civil process in either | gcivil or criminal court (LSA-C.Cr.P. Art. 886 A), or institute forfeiture procedures (LSA-R.S. 32:1550 et seq.). We thus affirm as amended.
LSA-C.Cr.P. Art. 930.8 provides that at the time of sentencing, the trial court shall inform defendant of the prescriptive period for post-conviction relief. The record shows that the trial court incorrectly informed defendant of this time period, stating, “you have three years to apply for post-conviction relief.” The three year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. Art. 914 or 922. Thus, prescription has not yet begun to run. State v. Gladney, 626 So.2d 778 (La.App.2d Cir.1993); State v. Mock, 602 So.2d 776 (La.App.2d Cir.1992). The district court is directed to send appropriate written notice to defendant within ten days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record.

*877
CONCLUSION

Defendant’s conviction and consecutive 90 month sentences are affirmed. The sentence is amended to provide that the one year imprisonment in default of the payment of a fine be without hard labor.
SEXTON, J., concurs with reasons.

. The FSG, which have now been repealed, were in effect at the time of this sentence.