713 So.2d 693 (1998)
STATE of Louisiana
v.
Julio Raad WEST.
No. 97 KA 1638.
Court of Appeal of Louisiana, First Circuit.
May 15, 1998.
*694 Doug Moreau, District Attorney, and Jim Murray, Assistant District Attorney, East Baton Rouge Parish, Baton Rouge, for Plaintiff/Appellee State.
Bertha M. Hillman, Thibodaux, for Defendant/Appellant Julio Raad West.
Before FOIL, WHIPPLE and KUHN, JJ.
KUHN, Judge.
Defendant, Julio Raad West, was charged by bill of information with simple escape, a violation of La. R.S. 14:110. He pled guilty as charged and was sentenced to three and *695 one-half years at hard labor, consecutive to any other sentence he was serving. Defendant has now appealed, arguing the trial court erred in accepting his guilty plea.

Facts[1]
On May 21, 1996, defendant escaped from custody while being transported from the East Baton Rouge Parish courthouse, where he had been sentenced on several charges, to the parish prison. He ran from the building and attempted to elude police by jumping into the Mississippi River. Defendant was captured and returned to custody.

Assignment of Error
In his sole assignment of error, defendant argues the trial court erred in accepting his guilty plea because it was not a voluntary and intelligent relinquishment of his rights. Specifically, defendant alleges he pled guilty because defense counsel incorrectly represented to him that he would receive a two-year sentence.
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.Code Crim. P. art. 559(A). Initially, we note that defendant did not file a motion to withdraw his guilty plea in this case, either before or after sentencing. In fact, when defendant objected to the sentence imposed by the trial court, defense counsel specifically informed the court he had no intention of filing a motion to withdraw defendant's guilty plea. Nevertheless, even when a formal motion to withdraw a guilty plea is not filed, the Louisiana Supreme Court has held that a constitutionally infirm guilty plea may be set aside either by means of an appeal or post-conviction relief. State v. Dixon, 449 So.2d 463, 464 (La.1984). See also State v. Shepherd, 532 So.2d 474, 476 (La.App. 1st Cir.1988). However, a defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. It is not unreasonable for a trial court to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking. State v. Dunbar, 93-0739, p. 3 (La.App. 1st Cir. 3/11/94); 633 So.2d 938, 939, writ denied, 94-0859 (La.9/23/94); 642 So.2d 1308. Nevertheless, a guilty plea is constitutionally infirm if a defendant is induced to enter the plea by a plea bargain, or what he justifiably believes was a plea bargain, and that bargain is not kept. In such cases, the guilty plea was not given freely and knowingly. State v. Phillips, 479 So.2d 515, 520 (La.App. 1st Cir.1985), writ denied, 484 So.2d 667 (La.1986).
In the present case, defendant was represented at sentencing by Bert Garraway of the Public Defender's Office. When the trial court imposed a sentence of three and one-half years, defendant objected that he had pled guilty because an attorney from the public defender's office told him he would be sentenced to two years if he did so. Mr. Garraway injected that he was the attorney referred to by defendant. The following exchange then took place between the trial court, defendant and Mr. Garraway:
MR. GARRAWAY:
What happened was when Julio escaped Judge Welch was on the bench. They caught Julio and they brought him back in. I went and talked to Judge Welch and Judge Welch says well obviously it's a clear case. You talked to me, Julio. Didn't you talk to me?
THE DEFENDANT:
Yeah, I talk to him and tell him that
MR. GARRAWAY:
I explained to him that the law had changed. The former law was that it was a misdemeanor, a simple escape. If you escape from a courthouse it wasyou could get six months on it, or $500.00 fine, whatever. The legislature had amended it and the minimum now was 2 years, 2 to whatever. I don't know.
THE DEFENDANT:
2 to 5.
THE COURT:
2 to 5.
MR. GARRAWAY:

*696 2 to 5. And Judge Welch told me to tell Julio that if he just went ahead and pled that he would give him the minimum.
THE COURT:
He did not plead to Judge Welch. He pled in my courtroom after we had already a previous hearing.
MR. GARRAWAY:
I know that, but I wanted to just make sure that the court understood so that had Julio pled guilty at that time he could have got 2 years.
THE COURT:
Right.
* * * * * *
MR. GARRAWAY:
Judge, in Julio's defense I don't think that I made myself perfectly clear to him at the time the fact that it has to be consecutive and a minimum 2 years. I don't know if the court wants to do anything about it or not.
Based on our review of the record, we find it does not support defendant's claim that his guilty plea was involuntary. As noted by the trial court, even if there was some discussion with Judge Welch concerning a two-year sentence if defendant pled guilty at that time, defendant did not plead guilty before Judge Welch. Instead, defendant subsequently came before the instant trial court which clearly explained to him that the penalty for simple escape was imprisonment for not less than two years and not more than five years, which was not to run concurrent with any other sentence. When the court asked defendant if he understood this penalty exposure, he replied, "Yeah, I understand this too." Further, the trial court specifically asked defendant if any promises were utilized to get him to plead guilty and defendant indicated there were none. Moreover, although Mr. Garraway may have spoken with defendant at an earlier date about the possibility of a two-year sentence, defendant was not represented on the day of the Boykin hearing by Mr. Garraway. Defendant's attorney that day was Mr. Tyrone Brown. There is no indication in the record, nor does defendant allege, that Mr. Brown advised him that he would receive a two-year sentence in exchange for a guilty plea. Nor is there any indication that either the state or the trial judge who accepted defendant's guilty plea ever discussed the possibility of a plea bargain with defendant. Under these circumstances, defendant was not justified in believing that a plea bargain existed.[2]
An examination of the Boykin colloquy reveals that defendant's constitutional rights were fully explained to him prior to his guilty plea. The court explained that a guilty plea waived these rights and informed defendant of the consequences of the plea. In particular, the court specifically advised defendant that his sentence exposure was two to five years. Defendant stated that his guilty plea was voluntary and denied it was induced by any promises. Furthermore, defendant admitted his guilt and indicated he had discussed his case with his attorney, Tyrone Brown, and was satisfied with his representation. Thus, the record reflects that defendant freely and voluntarily entered a plea of guilty after being fully advised of his constitutional rights and waiving those rights. If defendant seeks to prove the allegation that his plea was induced by defense counsel advising him he would receive a two-year sentence, the appropriate remedy is by an application for post-conviction relief, wherein an evidentiary hearing could be held as to the alleged conversations concerning a plea bargain which occurred outside the record. See Shepherd, 532 So.2d at 476, n. 2. See also State v. Parker, 581 So.2d 314, 319 (La.App. 1st Cir.1991).
This assignment of error lacks merit.
CONVICTION AND SENTENCE AFFIRMED.
FOIL, J., dissents. I would allow the defendant to withdraw his guilty plea.
NOTES
[1] Since there was no trial in this case, these facts are derived from the affidavit of probable cause for defendant's arrest and the prosecutor's recitation of the factual basis for defendant's plea at the Boykin hearing.
[2] Even assuming a misunderstanding did occur, defendant is not entitled to the relief he seeks. A misunderstanding by defense counsel as to the sentence the trial court might impose, without a breach of a definite plea bargain, does not entitle the defendant to withdraw a guilty plea. See State v. Taylor, 479 So.2d 617, 619 (La.App. 1st Cir.1985).