721 So.2d 24 (1998)
STATE of Louisiana
v.
David BANKS.
No. 97 KA 2257.
Court of Appeal of Louisiana, First Circuit.
September 25, 1998.
*25 Doug Moreau, District Attorney, John A. Cannon, Assistant District Attorney, Baton Rouge, for Appellee.
Frederick Kroenke, Baton Rouge, for Defendant.
Before FITZSIMMONS and GUIDRY, JJ., and CHIASSON, J. Pro Tem.[1]
FITZSIMMONS, Judge.
The defendant, David Banks, was charged by bill of information with possession of cocaine with intent to distribute (Count 1) and possession of marijuana with intent to distribute (Count 2), in violation of La. R.S. 40:967 A(1) and 966 A(1), respectively. Initially, he pled not guilty. Thereafter, the defendant withdrew his not guilty pleas and pled guilty to the responsive offenses of attempted possession of cocaine with intent to distribute and attempted possession of marijuana with intent to distribute, violations of La. R.S. 40:967 A(1), 966 A(1), and 979. See also La. R.S. 14:27.
The defendant received a sentence of ten years at hard labor on Count 1 with credit for time served since arrest. On Count 2, he received a concurrent sentence of two years at hard labor with credit for time served and a $25,000 fine, or in default of the payment of the fine, the trial court ordered that the defendant serve an additional sentence of six months at hard labor.
Subsequently, the defendant filed a motion to reconsider sentence. After three hearings, the trial court denied the motion. The defendant has appealed, alleging as his only assignment of error that the trial court erred in not sentencing the defendant in accordance with the plea agreement; or, in the alternative, in not allowing him to withdraw the guilty pleas.
Because there was no trial, there is very little factual information about the instant offenses. According to the prosecutor's factual basis for the guilty pleas made during the Boykin colloquy, the defendant was arrested on January 26, 1996. After the defendant failed to stop at a stop sign, the police attempted to stop him. A high speed chase through a residential neighborhood began, during which he ran a second stop sign. The defendant pulled into a vacant lot, exited the vehicle, and fled on foot. Although he momentarily escaped, K-9 dogs were called in to locate the defendant. He was subsequently found hiding under a building approximately fifty feet from where he had last been observed by the pursuing officer. Inside his abandoned vehicle, the police discovered approximately ten grams of cocaine and over eighty-three grams of marijuana, which had spilled out of a Crown Royal bag.

ASSIGNMENT OF ERROR
The defendant contends that the trial court erred in not sentencing him in accordance with the plea agreement, or in the alternative, in not allowing him to withdraw the *26 guilty pleas. In order to understand this assignment of error, a brief chronology of events is necessary. A total of three district court judges are involved in this matter. The defendant entered guilty pleas to the instant offenses on May 10, 1996. Judge Robert Downing accepted the guilty pleas. Both the prosecutor and defense counsel related the defendant's prior criminal record to Judge Downing. Defense counsel characterized the defendant's rap sheet "as somewhat minimal[,]" and he asserted that there were no felony convictions.
Apparently, Judge Downing was ready to impose sentences immediately and indicated an intent to sentence the defendant to "boot camp" (the intensive incarceration program). However, the defendant persuaded Judge Downing to release him pending the preparation of the presentence investigation report (PSI). The defendant stated:
It would be a big help to me if I could work for a little while at least to help my old lady just take care of a few bills while I do go to boot camp and get my G.E.D. It would be a big help to her, you know, while she's going to school at least.
Persuaded by the defendant's plea for an opportunity to provide financial assistance to his family, Judge Downing agreed to release the defendant on post conviction bail. He set the bond at $5,000, and agreed to let the defendant's common law wife sign him out of jail. Judge Downing ordered a pre-sentence investigation (PSI) due in ninety days and further ordered thirty day drug tests. Judge Downing arranged for the defendant's enrollment in night school for the G.E.D., and he ordered the defendant to report to a probation supervisor. Finally, Judge Downing warned the defendant that post conviction bail would be revoked, and he would not be sentenced to boot camp, if he were to "mess up."
On September 19, 1996, the defendant was sentenced for both convictions by Judge Frank Saia. At the sentencing hearing, defense counsel noted that the PSI revealed a previously undisclosed felony conviction for possession of cocaine. This disqualified the defendant from eligibility for the intensive incarceration program. Defense counsel further noted that, during his interim release, the defendant had failed a drug test. Judge Saia noted that the defendant had also failed to meet with the probation officer.
Thereafter, the defendant filed a motion to reconsider sentence. In three separate hearings on the motion (January 14, 1997, February 7, 1997, and March 7, 1997), Judge William Morvant considered, but ultimately rejected, the defendant's claim that Judge Downing had promised him probation or, at most, three year sentences. In making the ruling denying the motion to reconsider sentence, Judge Morvant examined the record, particularly the Boykin colloquy. He concluded that there was no evidence to support the defendant's claim of a promise of probation or maximum sentences of three years.
The defendant never filed a written motion requesting that his guilty pleas be withdrawn. Instead, he attacked the guilty pleas and the sentences through the hearings on the motion to reconsider sentence.

Law
A trial court may permit the withdrawal of a guilty plea at any time before sentencing. La.Code Crim. P. art. 559 A. A trial court's decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised. State v. Hebert, 506 So.2d 863, 865 (La.App. 1st Cir.1987).
A guilty plea is a conviction and, therefore, is to be afforded a great measure of finality. State v. Thornton, 521 So.2d 598, 600 (La.App. 1st Cir.), writ denied, 530 So.2d 85 (La.1988). Furthermore, a defendant may not withdraw a guilty plea simply because the sentence to be imposed is heavier than anticipated. It is not unreasonable for a trial judge to deny a defendant the luxury of gambling on his sentence, then withdrawing his plea if and when he discovers, before imposition, the sentence is not to his liking. State v. Banks, 457 So.2d 1264, 1266 (La.App. 1st Cir.1984).
Our review of the instant record indicates that Judge Downing conducted a thorough Boykin hearing. Moreover, the record is devoid of any conditions relative to sentencing at the time of the guilty plea, beyond *27 the outcome of the PSI. Judge Downing had specifically warned the defendant of the maximum sentencing ranges during the Boykin colloquy. The loss of an opportunity for shorter sentences combined with participation in the intensive incarceration program arose when the PSI revealed that, contrary to defense counsel's assertions at the time of the guilty pleas, the defendant had a prior, undisclosed felony conviction. We have previously held that mistake as to the existence of a prior conviction is not sufficient to render a guilty plea involuntarily made. State v. Mangano, 464 So.2d 1032, 1034 (La.App. 1st Cir.1985).
Judge Downing's admonishment to the defendant of the results of failing a drug test or failing to report to the probation officer while awaiting the preparation of the PSI, did not precipitate the loss of probated sentences or, at most, three year sentences, as the defendant argues in his brief to this Court. As Judge Morvant correctly concluded, there is no support from the record that probation, or three year sentences, as promised by Judge Downing. Instead, the violation of these conditions resulted in the revocation of his post conviction bond.
Additionally, the defendant maintains in his brief that Judge Downing offered a possibility of probation; however, this assertion is clearly mistaken. Judge Downing referred to the defendant's interim release from jail on post conviction bond during the ninety day period for preparing the PSI. Likewise, as noted above, the record does not support the assertion of a promise of three year sentences.
Finally, we address the defendant's contention that Judge Saia mistakenly believed the defendant ineligible for intensive incarceration. The defendant asserts that, because he received a suspended sentence for the felony conviction of possession of cocaine, he qualified for the intensive incarceration program as "a second felony offender who had not actually been committed to the Department of Corrections." Apparently, the defendant is referring to second offenders "committed to the Department of Public Safety and Corrections but never having served time in a state prison." See La. R.S. 15:574.4 A(2)(a). However, while the defendant initially received a two year suspended sentence for this felony conviction, the PSI reflects that the defendant's probation subsequently was revoked and the original two year sentence was made executory, as Judge Saia correctly noted.
Accordingly, we find no abuse of discretion in Judge Morvant's determination that there was no plea agreement and his denial of the defendant's motion to reconsider sentence. Under the circumstances presented herein, the defendant will not be allowed to withdraw his guilty pleas.
The assignment of error is meritless.
We do note the existence of a patent sentencing error. Louisiana Code of Criminal Procedure article 884 authorizes the imposition of up to one year imprisonment for default in the payment of a fine or costs. The trial court erred in imposing an additional sentence of six months at hard labor in default of the payment of a $25,000 fine because article 884 authorizes only "imprisonment." See State v. Washington, 27,464, p. 4 (La.App. 2nd Cir.11/8/95); 662 So.2d 873, 876, writ denied, 96-0462 (La.5/3/96); 672 So.2d 696; State v. Richardson, 545 So.2d 714, 716 (La.App. 2nd Cir.1989). We, therefore, amend this portion of the sentence to six months in parish jail, in default of payment of the fine.
CONVICTIONS AFFIRMED; SENTENCE ON COUNT 1 AFFIRMED; SENTENCE ON COUNT 2 AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.