| ¡.LANIER, J. (Retired).
Kenneth T. Roberts, defendant, was charged by bill of information with one count of aggravated criminal damage to property, in violation of La. R.S, 14:55. He initially entered a plea of not guilty. He subsequently withdrew his former plea of not guilty and entered a plea of guilty as charged. After a Boykin examination, the *157 trial court accepted defendant’s plea.[2] At a sentencing hearing, the trial court sentenced the defendant to serve seven years at hard labor.[3] The defense counsel brought to the court’s attention that the defendant had reserved the right to withdraw his guilty plea if he were sentenced to more than probation, and he moved to withdraw the plea. The trial court denied the motion. The defense counsel objected to the ruling. The defendant appealed assigning as error that the trial court erred in imposing a sentence greater than probation; and, thereafter, refusing to allow him to withdraw his plea pursuant to his plea agreement.
This court reversed the trial court’s denial of the defendant’s motion to withdraw his guilty plea, vacated his sentence of seven years imprisonment at hard labor on the La. R.S. 14:55 charge, and remanded the case to the trial court for a decision, after a contradictory hearing, as to whether the defendant was entitled to specific performance of the plea agreement or recision of the plea agreement with a concomitant trial, with a different judge, on the charge. State v. Roberts, 2000-1633 (La. App. 1 Cir. 3/28/2001) (unpublished).[4]
After a contradictory hearing, the trial court ruled that the defendant would not | abe allowed to withdraw his guilty plea. Instead, the trial court imposed a sentence that placed the defendant on five years supervised probation with the following special conditions of probation: (1) pay a monthly supervision fee of $50; (2) refrain from all criminal conduct; (3) maintain full-time employment; (4) submit to a substance abuse evaluation and comply with any treatment recommended; (5) submit' to a mental health evaluation and comply with any treatment recommended; (6) remain alcohol and drug free; and (7) submit to drug screens at his own expense as directed by his probation officer.
The defendant asserted he was entitled to withdraw his plea, objected to the new sentence and took this appeal.
FACTS
The record contains very little factual information. The following facts are derived from the affidavit of probable cause and the investigating officer’s report in the record. On August 14, 1996, an off-duty police officer, Alan Quebedeaux, noticed defendant’s vehicle on the side of the road. When the officer stopped to investigate the matter, he saw defendant lying on the road in front of the vehicle; he was vomiting. The officer detected a strong odor of alcohol coming from defendant.. When the officer inquired about defendant’s well being, and identified himself as a police officer, defendant ran back to his vehicle and attempted to leave. The officer requested assistance and attempted to leave the area. The defendant followed the officer at a high rate of speed and eventually hit *158 the officer’s vehicle from -behind causing the vehicle to spin out of control and hit a tree. The defendant exited his- vehicle and ran from the scene. When the assisting officers arrived at the scene, they searched for defendant, located him, and arrested him. When the defendant was apprehended, the arresting officer observed that defendant had slurred speech, was combative and had a strong odor of alcohol. Defendant was charged with DWI, first offense in violation of La. R.S. 14:98; aggravated criminal damage to property in violation of La. R.S. 14:55; and reckless operation of a vehicle in violation of La. R.S. 14:99.
|4THE DEFENDANT’S RIGHT TO WITHDRAW HIS GUILTY PLEA
In his only assignment of error, the defendant asserts that since an essential element of his plea agreement was that he be allowed to withdraw it if he were sentenced to more than probation, and because the trial judge originally gave him a sentence of seven years at hard labor, he should be allowed to withdraw his plea.
General Law Pertaining to Withdrawal of a Guilty Plea
Louisiana Code of Criminal Procedure article 559(A) states, “The court may permit a plea of guilty to be withdrawn at any time before sentence.” A trial court’s decision is discretionary, subject to reversal only if that discretion is abused or arbitrarily exercised; State v. Banks, 97-2257, p. 5 (La.App. 1 Cir. 9/25/98), 721 So.2d 24, 26, writ denied, 98-3210 (La.4/23/99), 742 So.2d 877. A guilty plea is a conviction and, therefore, should be afforded a great measure of finality. Id.
A defendant may not withdraw a guilty plea simply because the sentence imposed is heavier than anticipated. It is not unreasonable for a trial coux-t to deny a defendant the luxury of gambling on his sentence, then being able to withdraw his plea if and when he discovers the sentence is not to his liking. State v. West, 97-1638, p. 3 (La.App. 1 Cir. 5/15/98), 713 So.2d 693, 695. Nevertheless, a guilty plea is constitutionally infirm if a defendant is induced to enter the plea by a plea bargain,' or what he justifiably believes to be a plea bargain, and that bargain is not kept. Id. In such cases, the guilty plea was not given freely and knowingly. Id.
The Nature of a Plea Agreement
A discussion of the legal relations between the State, the defendant and a court in a plea agreement is necessary to properly decide this case.
' In State v. Lewis, 539 So.2d 1199, 1204 (La.1989), appears the following:
We relied on contract principles to reach a decision in Nall, reasoning that a plea bargain is a contract between the state and one accused of a crime. [State v.] Nall, 379 So.2d [731] at 733 [La.1980], Such an' approach has been looked upon with approval in the federal jurisprudence, especially where a promise of immunity from prosecution is at issue. See e.g., Rowe v. Griffin, 676 F.2d 524, 528 (11 Cir.1982). Although the code provisions we interpreted in Nall have been revised, their substance remains unchanged. Compare former La. C.C. arts. 1779, 1819, 1823-24 with current La. C.C. arts. 1927, 1948-50. Thus, the principles enuciated [sic] in that decision remain viable.
|SA long-standing rule of contract law is that consent of both parties is required for a valid contract. La. C.C. art.1927. Consent may be vitiated by error, fraud, or duress. La. C.C. art. 1948. Error vitiates consent only when *159 it concerns a cause without which the obligation would not have been incurred and that cause was known or should have been known to the other party. La. C.C. art.1949. Finally, the Civil Code provides:
Error may concern a cause when it bears on the nature of the contract, or the thing that is the contractual object ..., or the law, or any other circumstance that the parties regarded, or should in good faith have regarded, as a cause of the obligation.
La. C.C. art.1950.
In State v. Louis, 94-0761, pp. 7-8 and 10 (La.11/30/94), 645 So.2d 1144, 1148 and 1149, appears the following:
In determining the validity of agreements not to prosecute or of plea agreements, the courts generally refer to rules of contract law. State v. Nall, 379 So.2d 731 (La.1980); State v. Lewis, 539 So.2d 1199 (La.1989). Contractual principles may be helpful by analogy in deciding disputes involving plea agreements. Ricketts v. Adamson, 483 U.S. 1, 107 S.Ct. 2680, 97 L.Ed.2d 1 (1987); Cf. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977). However, the criminal defendant’s constitutional right to fairness may be broader than his or her rights under contract laws. State v. Nall, 379 So.2d at 734 (Dennis, J., concurring). Moreover, commercial contract law can do no more than to serve as an analogy or point of departure, since “plea agreements are constitutional contracts.” Ricketts v. Adamson, 483 U.S. at 16, 107 S.Ct. at 2689. The Court further stated in Ricketts:
The values that underlie commercial contract law, and that govern the relations between economic actors, are not coextensive with those that underlie the due Process Clause, and that govern relations between criminal defendants and the State. Unlike some commercial contracts, plea agreements must be construed in light of the rights and obligations created by the Constitution.
483 U.S. at 16, 107 S.Ct. at 2689.
In the present case, we refer first to the law of contracts for application by analogy in determining whether a contract was formed. A contract is formed by the consent of the parties established through offer and acceptance. La. Civ. Code art.1927. The offer and acceptance may be verbal unless the law prescribes a requirement of writing. Id.; Laroussini v. Werlein, 52 La.Ann. 424, 27 So. 89 (1900). Once there is an offer and acceptance, the agreement is subject to specific performance. La. Civ. Code art.1986. The party demanding performance of a contract has the burden of proving its existence. Phillips v. Insilco Sports Network, Inc., 429 So.2d 447 (La.App. 4th Cir.1983). Moreover, the obligation may be dependent upon an uncertain event. La. Civ.Code art. 1767. A lawful cause is also necessary to the existence of a contract. La. Civ. Code art.1966. The cause is the reason why a party obligates himself. La. Civ. Code art.1967. (Emphasis added.)
In Lewis v. State, Department of Public Safety and Corrections, 602 So.2d 68, 74 (La.App. 1 Cir.), writ denied, 604 So.2d 1312 (La.1992), appears the following:
The charge of theft in violation of La. R.S. 14:67 brought against Lewis in the bill of information is clearly a criminal matter. As a criminal matter, it is controlled by the substantive criminal law and the Louisiana Code of Criminal Procedure. Pleas in criminal matters are provided for in La.C.Cr.P. arts. 551-561. A plea of guilty is one of the four kinds *160 of pleas authorized by La. C.Cr.P. art. 552. Plea bargaining is defined in Black’s Law Dictionary p. 1037 (5th ed.1979) as follows:
Plea agreement. See Plea bargaining.
Plea bargaining. The process whereby the accused and the prosecutor in a criminal case work out a mutually satisfactory disposition of the case subject to court approval. It usually involves the defendant’s pleading guilty to a lesser offense or to only one or some of the counts of a multi-count indictment in return for a lighter sentence than that possible for the graver charge. Plea bargaining procedures in the federal courts are governed by Fed. R.Crim.P. 11(e). (Emphasis added)
Under the substantive criminal law, there are only two alternative remedies available for a breach of a plea bargain: (1) specific performance of the agreement, or (2) nullification or withdrawal of the plea. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); State v. Chalaire, 375 So.2d 107 (La.1979); State v. Wade, 364 So.2d 575 (La.1978); State v. Greer, 572 So.2d 1166 (La.App. 1st Cir.1990). At the time Lewis sought specific performance of his state plea bargain in state court, he had already served his state sentence, and the State had no authority to compel the federal authorities to give him credit for his state time on his federal sentence. In this procedural posture, the State could not give specific performance and the question of granting that remedy was moot. Lewis has never asked for the remedy of nullification or withdrawal of the guilty plea (with the attendant reinstatement of the parties in their pre-plea positions). (Emphasis added.)
A criminal plea agreement is analogous to a civil compromise. La. C.C. art. 3071 et seq. See also State v. Canada, 2001-2674 (La.App. 1 Cir. 5/10/02), — So.2d -.
The Agreement in the Instant Case
After the defendant withdrew his not guilty plea and entered a plea of guilty, the trial court commenced a Boykin examination. The trial court explained to the defendant the offense with which he had been charged, the penalty for the offense, and asked if he understood; the defendant answered affirmatively. The court asked the defendant how he pled to the offense; he responded, “Guilty.” The court proceeded to |7explain the Boykin triad of rights and to ask a series of other questions. The court next asked the defendant whether he understood and he responded affirmatively. The trial court then asked defendant if anyone used force, intimidation, coercion, or promise of award in order to force him to plead guilty, and the defense counsel stated:
Your Honor, in sentencing I think that we are hopefully' — as we discussed in chambers, the Judge is going to give him probation assuming that is that a bed at the O’Brien House is ready — at the halfway house is ready, and that we would have a right to withdraw the plea should any unforeseen events happen prior to sentencing and some sentencing more stem than probation would be handed down by the court. But other than that, I think the answer is no. He’s not been coerced or promised anything other than that. Is that right? (Emphasis added.)
Defendant answered, “Yes, sir.”
The Defendant’s Right to Withdraw the Plea
At the original sentencing, the trial court sentenced the defendant to seven years at hard labor. This was a sentence *161 “more stern than probation” and triggered the defendant’s “right to withdraw the plea”.
The agreement pursuant to which the defendant changed his plea to guilty is analogous to a civil contract with a conditional obligation subject to a resolutory condition. La. C.C. arts. 1767 and 1770; S. Litvinoff, The Law óf Obligations, 5 La. Civ. Law Treatise § 5.7, pp. 80-83 (2001). The resolutory condition is a sentence that is “more stern than probation”. When that occurred, the defendant became vested with the “right to withdraw the plea”, and he elected to exercise that right. Cf. La. C.C. art.2013. The trial court committed error by refusing to allow him to do so. Under the particular facts and circumstances of this case, the defendant’s guilty plea was not free and voluntary, and, thus, was void.
Pursuant to civil contract law, the fulfillment of a resolutory condition is retroactive to the inception of the obligation. La. C.C. art. 1775. Cf. La. C.C. art.2018. The remedy is to return the parties to their original positions. S. Litvinoff, The Law of Obligations, 5 La. Civ. Law Treatise § 5.12, pp. 89-92 (2001). Accordingly, the defendant’s guilty plea and sentence are vacated and his plea of not guilty to the La. R.S. 14:55 charge is reinstated.
| «DECREE
For the foregoing reasons, the defendant’s guilty plea and sentence are vacated, his not guilty plea is reinstated and this case is remanded to the trial court for further proceedings before a different trial judge in accordance with law.
REVERSED AND REMANDED.

. The defendant also had a misdemeanor bill of information for operating a vehicle while intoxicated (DWI), La. R.S. 14:98, and reckless operation of a vehicle, La. R.S. 14:99. Defendant entered pleas of guilty to these offenses.

. The court also sentenced defendant for the two misdemeanor convictions. He was sentenced to six months in the parish prison on each charge to run concurrently. The maximum jail time authorized for first offense reckless operation is ninety days.

.The decision was decided by a 2-1 vote. The dissenter wanted to "reverse and remand and allow the defendant to withdraw his guilty plea." Our first opinion did not consider or act upon the misdemeanor convictions. Since this appeal comes from the remand on the La. R.S. 14:55 charge in our first opinion, the misdemeanor charges are not before us in this appeal.